[S. F. No. 1280.   Department Two.—March 20, 1900.]

SOPHIA MARTINOVICH, Appellant, v. JOHN WOOLEY et ux., Respondents.

NEGLIGENCE — INJURY FROM DEFECTIVE SIDEWALK — INSUFFICIENT COMPLAINT—DUTY TO REPAIR NOT SHOWN.—A complaint for damages for an injury occasioned by the breaking of a rotten plank in the sidewalk in front of the defendants' premises, alleging it to have been in such rotten condition solely by reason of the negligence of the defendants, and further alleging that defendants had notice posted on the part of the city and county of San Francisco of and concerning the rotten condition of the sidewalk, and were advised to repair the same, does not show an obligation of the defendants to repair the sidewalk, under the general street law.

ID.—SIDEWALK PART OF STREET—OBLIGATION OF OWNER TO REPAIR STREET—NOTICE FROM SUPERINTENDENT OF STREETS.—A sidewalk is part of the street. No common-law duty is cast upon the owner of the abutting property to maintain the street in good repair; and no primary or inceptive duty rests upon such owner under the street law to repair the street, and no duty rests upon him under that law until written notice is given by the superintendent of streets requiring him to make the necessary repairs upon the highway fronting his lot.

ID.—LIABILITY OF OWNER FOR INJURIES—NEGLECT TO REPAIR AFTER NOTICE.—The street law does not impose a liability upon the owner for injuries resulting from the nonrepair of the street in front of his lot, unless the defect continues after the lapse of twenty-four hours or more from the time of the giving of the statutory notice by the superintendent of streets requiring him to make the repairs.

ID.—PLEADING—STATEMENT OF FACTS SHOWING LIABILITY—DEFECTIVE AVERMENT.—A complaint, in order to show the liability of the defendants for defects in the street, must aver that the notice to be given by the superintendent of streets had been given and had been disregarded by the owner for the specified time. It is not the equivalent of such an averment, to allege that each of the defendants had notice posted on the part of the city and county of and concerning the rotten condition of the sidewalk, and was advised to repair the same; and a complaint containing such allegation merely is defective, and is the proper subject of a general and special demurrer.

ID.—DECLINING TO AMEND COMPLAINT.—A plaintiff who has declined to amend his complaint, after a demurrer has been sustained which is both general and special, must stand upon his pleading as against both grounds of demurrer.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

P. F. Benson, for Appellant.

William H. Chapman, for Respondents.

HENSHAW, J.—Plaintiff sought to recover damages for an injury occasioned to her because of the defective condition of the sidewalk in front of defendants' property. She stepped upon a decayed and rotten plank, which gave way, and she was injured by the fall. In the complaint it is alleged that the "planking was in such a rotten condition solely by rea-

son of the gross carelessness and negligence of the defendants."
It is further alleged "that said defendants, and each of them, as
this plaintiff is informed and believes, had notice posted on the
part of the city and county of San Francisco of and concerning
the rotten condition of said sidewalk, and was advised to re-
pair the same."

To this complaint a general and a special demurrer was inter-
posed.  The demurrer was sustained, and plaintiff, declining to
amend, appeals from the judgment entered against her.

A sidewalk is a part of the highway. (*Bonnett v. San
Francisco,* 65 Cal. 231; *Ex parte Taylor,* 87 Cal. 94.) At
common law, no duty was cast upon the owner of the abutting
property to maintain the street in good repair.  If such duty
exists in this state it must be by virtue of some statutory enact-
ment.  Since culpable negligence cannot exist except from fail-
ure to perform a duty imposed by law or by contract, if the duty
to repair the sidewalk in this instance was not cast upon defend-
ants they were not responsible for its condition, and the general
demurrer was properly sustained.  As no ordinance of the city
and county of San Francisco bearing upon the question is
pleaded in the complaint, we have recourse to the general street
law for the provisions regulating and governing this question.
By section 13 of that law (Stats. 1885, pp. 147, 158) it is made
the duty of the superintendent of streets to require by notice in
writing the making upon the part of the property owners of
necessary repairs upon the highway fronting their property.
Upon the failure of the owner after three days' notice to enter
upon the performance of the work, the street superintendent
is authorized to do so.  Section 22 of the act makes it the duty
of the street superintendent to see that the laws and regula-
tions relating to the public streets are carried into execution.
Section 23 imposes a liability upon the property owner for in-
juries occasioned by defects in the street fronting his property,
"if such defect in the street or public highway shall have existed
for the period of twenty-four hours or more after notice thereof
to the said superintendent of streets."

The foregoing sections are almost literal transcripts from the
provisions of the street law found in the former Consolidation
Act, or charter of the city and county of San Francisco.  In the

case of *Eustace v. Jahns,* 38 Cal. 3, the liability of a property owner for damages occasioned by the negligent condition of the sidewalk in front of his property was considered in the light of these charter provisions. There, as here, a demurrer was interposed to the complaint upon the ground that the law does not impose upon the defendant the duty to repair and keep in order the street or highway in front'of his real estate. The common-law rule as modified by the charter provisions was considered, and the court declared: "From a most careful consideration of all the statutes relating to the public streets and highways of the city and county of San Francisco, we find no personal duty primarily or inceptively cast upon the individual owners of lots of land therein, in respect to the care, management, control, improvement, or repair of the public streets and highways."

It was further held that the duty of repair was cast upon the property owner only after notice given as required by the act, and it was concluded that the complaint failed to show that a duty was imposed by law to repair the defect, and that the facts stated in the plaintiff's complaint did not, therefore, constitute a cause of action.

The case of *Eustace v. Jahns, supra,* is wellnigh parallel in its facts and is identical in its principles with the one here at bar. To impose a liability upon defendants, it was incumbent upon the plaintiff to show that the notice to be given by the superintendent of streets had been given and had been disregarded for the specified time. This is nowhere averred. The allegation that the defendants "had notice posted on the part of the city and county of San Francisco of and concerning the rotten condition of said sidewalk, and was advised to repair the same," is entirely insufficient as an averment that the street superintendent had given the notice required by section 13 of the street law, and a special demurrer was interposed to the sufficiency of this allegation. Plaintiff, having declined to amend, must stand upon his pleading.

The judgment is therefore affirmed.

Temple, J., and McFarland, J., concurred.