[L. A. No. 6488. In Bank.—January 27, 1922.]

ELIZABETH M. MONSCH, Appellant, v. MARIE JULIE PELLISSIER, Respondent.

[1] NEGLIGENCE—INJURY FROM DEFECTIVE LIGHT-WELL IN SIDEWALK —LIABILITY OF OWNER—PLEADING—SUFFICIENCY OF COMPLAINT.— A complaint in an action for an injury received by a pedestrian from stepping into a hole in a light-well in the sidewalk in front of the defendant's building stated a cause of action where it was alleged that the well was kept and maintained by the defendant for her sole and exclusive benefit and that the defendant knew, or by the use of ordinary diligence should have known, of the defective condition of the well, and it was not necessary to allege that defendant had been given twenty-four hours' notice by the proper municipal authority to repair the defect, as provided in the Vrooman street law.

[2] ID.—REPAIR OF SIDEWALK — LIGHT-WELLS — DUTY OF PROPERTY OWNER.—A property owner who maintains light-wells in the sidewalk in front of her building for the purpose of supplying light to the basement thereof is under an obligation to keep the gratings and glass blocks of which the wells consist in a condition which will render the sidewalk, of which they form a part, reasonably safe for use by those who may pass over it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Ford & Bodkin and Jos. J. Herlihy for Appellant.

Geo. J. Denis for Respondent.

SHURTLEFF, J.—The amended complaint alleged that defendant kept and maintained for her own use and benefit an area or vault under the sidewalk in front of and adjoin-

ing her property in the city of Los Angeles; that in the sidewalk over and above said area or vault defendant kept and maintained light-wells consisting of iron grating and inlaid glass for her sole and exclusive use and benefit, for the purpose of supplying light to said vault and area and to the basement of her building standing upon her said property; that said light-wells were maintained by defendant in a negligent and dangerous condition in that large portions of the inlaid glass were broken out or chipped, leaving holes in the surface thereof, and that in other portions of the same the glass had been replaced with boards. It was further alleged that the defendant knew, or by the use of ordinary care or diligence should have known, of the condition of these light-wells; that plaintiff, while passing over and upon said light-wells, stepped into a hole in one of them, causing her to fall violently to the sidewalk, with the result that her left shoulder and her left hip were fractured and her nervous system seriously shocked.

To this complaint defendant interposed a demurrer, which was sustained without leave to amend, the plaintiff having declined to make further amendment. Thereupon judgment was entered for defendant, from which judgment plaintiff takes this appeal.

[1] Both parties agree that the sole question in the case is, whether, under the facts alleged, the defendant is responsible for the said injury sustained by plaintiff. The respondent contends that the complaint is insufficient because of the absence therefrom of an allegation that the board of public works of the city of Los Angeles had, prior to the accident, received notice of the alleged dangerous condition of the sidewalk, or that the defendant was ever notified by said board that the same was in a condition requiring repairs or reconstruction. This position is predicated upon the Vrooman Act and acts amendatory thereto, and *Martinovich v. Wooley*, 128 Cal. 141, [60 Pac. 760], which holds that the street law does not impose a liability upon the owner for personal injuries resulting from the nonrepair of the sidewalk in front of his lot, unless, as required by said act, the defect continues after the lapse of twenty-four hours or more from the time of the giving of the statutory notice thereof by the proper officer, which in that case was the superintendent of streets, and in this the board of public works,

but we do not think the Martinovich case is controlling here. What is there decided must be read in the light of the facts which the case presented. There the injury was due to a "decayed and rotten" plank in the sidewalk, which was essentially a component part and portion of the structure and placed therein solely and entirely for the use of the public, and not, as here, for the special accommodation of the owner and his property. In the instant case the grating and glass became part of the surface of the sidewalk over which pedestrians could walk, but it performed an additional and distinct office, namely, the passage of light to the basement of the defendant's building, in which use it was, as such, no part of the sidewalk. The fact that what may be termed its secondary use was to provide light, as stated (the same being for defendant's sole benefit), should not relieve her from keeping the light-well in safe repair, even though the primary use of the sidewalk is for the public to walk over, and is, in such use, under the supervision of the city. Moreover, as we have said, the complaint alleges, which upon demurrer must be taken as true, that the light-wells were kept and maintained by defendant for her sole and exclusive use.

[2] Inasmuch, therefore, as the light-wells, as such, were, as we have seen, constructed for the benefit of defendant and her property and for a use independent of and apart from the ordinary and accustomed use of the sidewalk, the law casts upon her the duty, to be discharged with reasonable care, of keeping it in proper and safe condition. (*Trustees etc.* v. *Foster,* 156 N. Y. 354, [66 Am. St. Rep. 575, 41 L. R. A. 554, 50 N. E. 971].) The case last cited was an action by the trustees of the village of Canandaigua for the amount of a judgment that had been recovered against it in a suit by a party who had been injured by the giving away of a grating in the sidewalk in front of defendant's property, because, so it was claimed, the grating was insecure by reason of the want of reasonable care on the part of defendant to keep it in proper repair. In rendering its decision, the court said: "It [grating] was built for his [defendant's] accommodation and was a benefit to his property only, and the law placed upon him the obligation of using due care to keep it in a suitable and safe condition for the public to walk over as a part of the sidewalk. Proper con-

struction, in the first place, was not enough to relieve him from liability; but the duty of inspection and repair continued while he owned and was in the exclusive possession of the premises. The duty ran with the land as long as the grate was maintained for the benefit of the land. . . . While the owner cannot be held liable in this action for failing to repair the entire sidewalk in front of his premises, was he properly held liable for failing to keep in repair the grate itself, which was his own structure? This depends upon the duty that he assumed when he cut a hole in the sidewalk and covered it with the grate. That duty included proper construction in the first place, and reasonable care on the part of the owner to keep the grate in repair thereafter, as long as he continued in possession. The duty sprang from the necessity of having safe sidewalks and, as the necessity is continuous, so is the duty. Upon no other ground can the construction of a grate in a sidewalk, which is an interference with a public highway, be justified, even when permission is duly granted.''

Respondent in her brief refers to certain averments in her answer to the original complaint, to the effect that the sidewalk in question was constructed under the provisions of the Vrooman Act, March 18, 1885, and was accepted by the superintendent of streets of the city of Los Angeles, or by the board of public works, his successor. But such averments will not be considered when passing upon the demurrer to the complaint. As we view the liability of the defendant under the facts as stated in the amended complaint, it is entirely separate from, and independent of, the city, and the latter's obligation to keep the sidewalk in proper repair. It is an original responsibility resting upon defendant to keep the gratings and lights in a condition which will render the sidewalk, of which they form a part, reasonably safe for use by those who may pass over it.

We cannot concede that defendant, having knowledge of the dangerous condition of the gratings and their resultant menace to the safety of the general public, could shut her eyes to the necessity of repairing them until such time as someone was injured, and then avoid liability by pleading that she had not received the twenty-four hours' notice required by the Vrooman Act. In other words, under the facts of this case, the duty was, in the first instance, inde-

pendent of notice to or by the city, cast upon the defendant to repair the gratings. It is only where there is no liability whatever *until* service thereof that the notice we are discussing must be given. In the latter case the service of the notice lies at the very foundation of the liability and its enforcement, which is not the situation here. Moreover, an examination of the photograph attached to the complaint as an exhibit depicts the gratings apparently in a condition which might render them in their character ''of the nature of a nuisance'' (*Barry* v. *Terkildsen*, 72 Cal. 254, [1 Am. St. Rep. 55, 13 Pac. 657]; *Spence* v. *Schultz*, 103 Cal. 208, [37 Pac. 220]), in which event defendant, who was responsible for their presence and had knowledge of their condition, as it is alleged she did, for a long time prior to the injury to plaintiff, or, by the exercise of reasonable diligence, would have known of it, should not escape liability upon the ground that she had not received statutory notice of the existence of such nuisance.

We think the amended complaint stated a cause of action, and that the court below erred in sustaining the demurrer.

Judgment reversed.

Sloane, J., Wilbur, J., Lawlor, J., Lennon, J., and Shaw, C. J., concurred.