[S. F. No. 11825. In Bank.—July 16, 1928.]

ROSA GRANUCCI, Appellant, v. MARY J. CLAASEN et al., Respondents.

J. Maxwell Peyser and Joseph E. Isaacs for Appellant.

Andrew F. Burke for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the defendants after a directed verdict given and made by order of the court on motion of the defendants at the close of the trial. The action was one to recover damages for injuries sustained by plaintiff while walking upon a wooden driveway superimposed upon the sidewalk in front of the property owned by the defendant Mary J. Claasen, and at the time of the plaintiff's injury and for some time prior thereto being used by the defendant John H. Claasen, Jr., as the lessee thereof from his said co-defendant. The facts of the case, which are to be most liberally viewed in favor of the plaintiff's contention by virtue of the action of the court in granting the defendants' motion for a di-

rected verdict, are as follows: On February 28, 1922, about midday, the plaintiff was walking upon and along the concrete sidewalk in front of the defendants' premises and was in the act of crossing a wooden driveway which had been constructed upon and within the space in said sidewalk which otherwise would have been occupied by a concrete pavement and which driveway led from the street into the defendants' said premises. While so proceeding, the plaintiff's shoe caught in some obstruction above the surface of said wooden driveway with the effect that she fell violently forward, as a result of which she sustained certain injuries which form the basis of the present action. One John P. Cuneo, a carpenter, living about two hundred feet away from the scene of the accident, and at the moment thereof standing or sitting at a point opposite the place where it occurred, saw the plaintiff lying upon the driveway in question immediately after she had fallen and went at once to her relief. When he stooped to pick plaintiff up he noticed two nails or spikes protruding about from a half to three quarters of an inch above the surface of the driveway, and he also noticed that the boards from which these spikes protruded were loose. The witness took his hammer and drove the spikes back into place but noticed that they went in easily. The inference is irresistible that it was upon one or other of these protruding spikes that the plaintiff tripped and fell. The driveway in question had been constructed by the defendant Mary J. Claasen, the sole owner of the adjacent premises, in the year 1912 when a building had been erected thereon and a cement sidewalk laid along Mission Street in front of the same, except for a distance of approximately nine feet opposite an entrance at the southerly end of the premises. Upon this nine-foot space the said owner of the premises had caused to be constructed this wooden driveway under a special permit therefor from the board of public works of San Francisco. The driveway was constructed of three by twelve inch Oregon pine planks, laid on top of three by nine inch redwood stringers set sixteen inches apart, which stringers were laid upon the surface of the ground and which driveway when constructed was flush with the level of the cement sidewalk. The premises had been used for several years thereafter as a brewery and the driveway had been constructed and was used during

that period for the ingress and egress of the trucks and other vehicles coming and going to said brewery daily. For about two years after the brewery ceased to operate the premises were unused, but thereafter began and continued to be used in connection with a coffee business, which the owner's son and co-defendant conducted under a lease from his mother thereon under the name of Eagle Packing Company, and during the period of which use prior to the date of the plaintiff's injuries the said driveway had been used daily by trucks and other vehicles entering and emerging from said premises. ■ This driveway having been thus constructed and used not primarily for sidewalk purposes but for the benefit and convenience of the said defendants in connection with their adjacent property and which use was one which was independent of and apart from the ordinary and accustomed use for which sidewalks are designed, the duty was cast by law upon the defendants to exercise reasonable care and diligence in the keeping of said driveway at the point where it was superimposed upon said sidewalk in a proper and safe condition for the passage of pedestrians rightfully using said sidewalk and said driveway superimposed by defendants thereon. (*Monsch* v. *Pellissier*, 187 Cal. 792 [204 Pac. 224]; *Du Val* v. *Boos Bros. Cafeteria Co.*, 45 Cal. App. 383 [187 Pac. 767]; 20 Ruling Case Law, p. 77, sec. 68, 13 Ruling Case Law, p. 320; *Grand Forks* v. *Paulsness*, 19 N. D. 293 [40 L. R. A. (N. S.) 1158, 123 N. W. 878]; *Ryder* v. *Kinsey*, 62 Minn. 85 [54 Am. St. Rep. 623, 34 L. R. A. 557, 64 N. W. 94]; *Mullen* v. *St. John*, 57 N. Y. 567 [15 Am. Rep. 530]; *Gray* v. *Boston Gaslight Co.*, 114 Mass. 149 [19 Am. Rep. 324].) ■ The duty which was thus cast upon the defendant Mary J. Claasen, as owner of said premises, continued during the entire period of the presence and use of said driveway in connection therewith and said defendant could not relieve herself of such duty either by leasing the same to her co-defendant or by contracting with him by the terms of said lease for the keeping of said premises and said driveway in a proper state of repair (*Jessen* v. *Sweigert*, 66 Cal. 182 [4 Pac. 1188]; *Village of Jefferson* v. *Chapman*, 127 Ill. 438 [11 Am. St. Rep. 136, 20 N. E. 33]; *Norton* v. *St. Louis*, 97 Mo. 537 [11 S. W. 242]). From the evidence as thus presented it appears conclusively, for the purposes of this

appeal, that the said driveway at the point where the plaintiff tripped and fell upon it was in a state of disrepair, which, if imputable to the negligence of said defendants, would suffice to entitle this plaintiff to maintain her action. The undisputed evidence disclosed that said driveway during the ten years of its existence, with the exception of a brief intermission, had been used and passed over daily by more or less heavy trucks and horse-drawn vehicles in connection with the use of said premises as a brewery and later as a coffee mill. During that entire period, according to the testimony both of the owner of said premises and of her son, the lessee thereof, the driveway had never been subjected to any sort of repair. The defendant Mary J. Claasen testified that during said period she had frequently observed said driveway and that the same was always in a good state of repair. She does not testify, however, that her inspection of said driveway was to any extent constant or regular or otherwise than casual, as she came and went upon said premises. The testimony of her son, as the lessee of the premises, is substantially to the same effect. There is no evidence, as a matter of course, as to how long the driveway had been in the state of disrepair which was the immediate cause of the plaintiff's injuries, but from the testimony of the witness John P. Cuneo that the spikes which should have held the boards of the driveway firmly in place were protruding as much as three-fourths of an inch and that said boards were loose, it is a reasonable inference that said spikes had gradually worked their way upward and that said boards had been gradually loosened by the operation of heavy vehicles upon and across said driveway, and that a more rigid inspection thereof by the defendants than they or either of them are shown to have exercised would reasonably have resulted in the discovery of the defective condition of said driveway and the repair thereof, to the prevention of the plaintiff's injuries. In a word, we are of the opinion that the state of the evidence was such at the close of the trial and at the time of the defendants' motion for a directed verdict and of the action of the trial court in granting the same and directing such verdict, as would have required the question of the negligence of the defendants to have been submitted to the jury; and, this being so, we reach the conclusion that the trial

court was in error in granting the defendants' said motion in ordering and procuring the jury to return a directed verdict in the defendants' favor.

It is attempted to be argued by the respondents herein that because said portion of the wooden driveway upon which the plaintiff tripped and fell was a portion of the public sidewalk constructed under permission of the board of public works, the obligation and duty was not upon the defendants but upon the municipality through its board of public works of keeping that portion of said sidewalk in repair, and that under the provisions of section 16 of chapter 2 of article VI of the charter of the municipality the liability of an abutting owner to repair a sidewalk does not arise until there has been a notification so to do from said board of public works, and that since in the instant case there was presented no evidence showing such notification, the owners' duty to repair said sidewalk had not arisen at the time of the plaintiff's injuries. In making this contention the respondents misconceive the meaning and application of the aforesaid provisions of the charter in their relation to the facts of the instant case, since the portion of said sidewalk upon which the defendants' driveway was superimposed was being used by said defendants not as a sidewalk nor primarily for the use and convenience of the general public, but that the same had been constructed and was being used by the defendants primarily as a driveway into their said premises and for their private use, convenience, and benefit. To such a state of facts the decision of this court in the case of *Monsch* v. *Pellissier, supra,* has direct application.

It follows from the foregoing that the trial court was in error in directing a verdict in the defendants' favor, and that the judgment entered upon said verdict was for that reason erroneous and must be reversed. It is so ordered.

Curtis, J., Shenk, J., Seawell, J., and Preston, J., concurred.