[Civ. No. 6892. Second Appellate District, Division One.—December 10, 1931.]

LILLIE H. BOLLES, Appellant, v. HILTON & PALEY, INC., et al., Respondents.

I. W. Bane for Appellant.

Samuel J. Crawford for Respondents.

CONREY, P. J.—The defendants conducted a store in a building fronting on Third Street in Santa Monica. Plaintiff, while walking along the public sidewalk in front of said store, slipped upon some wet paper and rubbish and fell, thereby causing the injuries of which she complains. The wet condition of the sidewalk was caused by water dripping from a faucet affixed to the store building. The faucet was located six inches from the dividing line between the store of defendants and adjoining premises. The water, however, came from a pipe-line from the adjoining premises and not from defendants' store. There is no evidence that defendants had anything to do with the adjoining premises, or that they were owners of the building. At the trial, on the conclusion of the plaintiff's evidence, the defendants moved for a nonsuit on the ground that there was no evidence of negligence on the part of the defendants. The court thereupon, and upon the same ground, granted the motion for nonsuit, and judgment was entered accordingly. Plaintiff appeals from the judgment.

"At common law, no duty was cast upon the owner of the abutting property to maintain the street in good repair. If such duty exists in this state it must be by virtue of some statutory enactment. Since culpable negligence cannot exist except from failure to perform a duty imposed by law or by contract, if the duty to repair the sidewalk in this instance was not cast upon defendants they were not responsible for its condition, . . . " The quotation is from *Martinovich* v. *Wooley,* 128 Cal. 141 [60 Pac. 760]. In that case, as in this, the injury was occasioned to a passing pedestrian because of defective condition of the sidewalk in front of defendant's property.

This case does not come within any of the apparent exceptions to the rule. Some illustrations of those exceptions may be given: In *Monsch* v. *Pellissier,* 187 Cal. 790 [204 Pac. 224], where the Martinovich case received some attention, the defendant constructed and maintained in the sidewalk a light-well above an area or vault. Since this light-well was maintained for the sole and exclusive benefit of the defendant, it was held that it was her duty to keep the light-well in safe repair and that she was liable for injuries caused by defects therein. A similar case in

principle is *Granucci* v. *Claasen*, 204 Cal. 509 [59 A. L. R. 435, 269 Pac. 437].

In *Long* v. *John Breuner Co.*, 36 Cal. App. 630 [172 Pac. 1132], it appeared that a concrete incline having an excessive slope upward from the street, led from the sidewalk to the entrance to the store. The plaintiff did some shopping in the store and, on leaving the premises, slipped on the incline close to the entrance. It was held that, as the defendant was engaged in conducting a merchandise store which it invited the public to patronize, the duty rested upon defendant to keep the entrances and passageways to and from the premises in a safe condition and to use ordinary care to avoid accidents or injury to those properly and lawfully entering upon or leaving its premises through such entrances or passageways in connection with the transaction of business on such premises.

In the case at bar we have no such exception to the conditions which require the application of the general rule as above stated. "In this country, in the absence of a statute or ordinance requiring them to do so, abutting owners are under no obligation to keep the street or sidewalk in front of their premises in repair or in a safe condition for public travel." (13 R. C. L., p. 86; also, at p. 321.) In the case at bar the plaintiff neither pleaded nor proved the existence of any conditions which would create a statutory liability. It follows that the court did not err in granting the motion for nonsuit.

The judgment is affirmed.

Houser, J., and York, J., concurred.