[Civ. No. 12880.   Second Dist., Div. Two.   Feb. 6, 1942.]

MABEL A. DALY, Respondent, v. LUCILE G. MATHEWS et al., Appellants.

Eugene S. Ives, Leonard Wilson and Paul E. Schwab for Appellants.

Felix H. McGinnis for Respondent.

HANSON, J. pro tem.—The primary question presented in this case is whether abutting property owners are liable to a pedestrian for an injury which she suffered from a fall in stepping from a sidewalk onto an unlooked for depressed driveway which crossed the sidewalk. The case reaches us on an appeal from an order granting a new trial in favor of the plaintiff after judgment for the defendants.

The controlling facts are undisputed. It appears that several years ago the sidewalk with its driveway was constructed in front of the property here involved, in the city of Beverly Hills. The driveway extends along the curb line a distance of 10 feet and inward and upward from the curb towards the property a distance of 4 feet. Its depth at the curb line is 6½ inches below the adjacent curbs, and it slopes gradually to the sidewalk surface for a distance of 4 feet. Some time after the sidewalk with its driveway had been constructed a two-story office building was erected across the entire front of the property, thus obviating any further need of the driveway as a method of ingress and egress by vehicles. In that

condition defendants acquired the property in 1936. In September of that year the city enacted an ordinance which declared that it should be "a nuisance and unlawful for any person . . . owning real estate . . . to permit any public sidewalk . . . to be . . . in a condition to . . . endanger persons . . . passing thereon or thereover." The ordinance further provides that any person may file with the clerk of the city court a verified statement of any violation of the ordinance, and that thereupon an order shall issue under the seal of the court directing the owner complained of to appear and show cause why the nuisance should not be abated by repair of the defective condition. It is further provided that a trial may be had on the issue as made, and that if an order is issued directing an abatement of the nuisance and it is not complied with, the person thus failing shall be guilty of a misdemeanor and upon conviction shall be punished either by a fine or by imprisonment in jail, or both. The ordinance does not prohibit driveways, nor does it declare them to be nuisances *per se.* Nowhere does it declare that driveways generally, or driveways not in use as driveways, must be reconstructed so as to leave level sidewalks only in front of properties. It merely declares that a public sidewalk which as a matter of actual fact is in a condition to endanger persons passing thereon is a nuisance and unlawful. The ordinance contains no provision conferring a right of action on any party injured by reason of a violation of the ordinance.

At noon on December 17, 1938, the daughter of plaintiff stopped her car directly in front and immediately alongside of the driveway. Thereupon the plaintiff, who was on the other side of the street, crossed over in order to enter the car. As she desired to sit in the seat with her daughter, who was occupying the driver's seat, it was necessary for plaintiff to pass in front of the car and to go up over the curb to the sidewalk. This she did, looking down as she stepped up onto the sidewalk. The day was clear and dry and her sight was unimpaired. After reaching the sidewalk she turned abruptly to her right so as to pass along the hood of the car to the door thereof. In so doing she did not look down so as to observe the sidewalk, nor did she notice the depression therein caused by the driveway. Without looking she went forward a step or two and then, as her foot reached the unexpected depression, lost her balance and pitched forward, and as a result was injured.

On'these facts the question is whether a verdict if rendered for the plaintiff could stand. If not, it was error to grant a new trial after judgment for the defendants. In our opinion the trial court correctly found for the defendants in the first instance and committed reversible error when it granted a new trial. Moreover, we are of the view that the motion for judgment on the pleadings, based on the ground that the complaint did not state facts sufficient to constitute a cause of action, should have been sustained.

So far as the driveway was concerned, there was nothing about it that was different from any other properly constructed and well-maintained driveway. There is no dispute here but that the driveway was properly constructed, and none that it was out of repair or had a single flaw in it. This driveway, it was stipulated, was substantially in the same form and shape as the other driveways in that city. We pass to a consideration of the legal questions involved.

■ Under the common law there is no liability upon the part of an adjacent landowner for injuries occurring on a public sidewalk. (*Eustace* v. *Jahns*, 38 Cal. 3; *Martinovich* v. *Wooley*, 128 Cal. 141 [60 Pac. 760]; *Bolles* v. *Hilton & Paley, Inc.*, 119 Cal. App. 126 [6 Pac. (2d) 335].) Likewise in this state there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, in the absence of statute or ordinance imposing· such a duty upon him. (Cases *supra;* Rest., Torts, § 288.) Where a portion of a sidewalk is used for the particular benefit of the adjacent landowner, such as grates or glass therein for light, or sidewalk elevators or heavy planked driveways, it has been held that the abutting landowner is liable for a negligent construction or maintenance which proximately causes personal injury to a pedestrian. ■ No case, however, has gone so far as to charge an abutting landowner with liability for the condition of a driveway, whether used or not by him, unless he personally created, through use or otherwise, some unsafe condition therein.

The case of *Granucci* v. *Claasen,* 204 Cal. 509 [269 Pac. 437, 59 A. L. R. 435], heavily relied upon by respondent, is not *contra* to what we have said. In that case the abutting property owner had constructed, with the permission of the city, a special type of driveway for her exclusive benefit; and so it was held that she was directly liable to a pedestrian

for an injury caused by her failure to keep the driveway in repair. The case is an exception to the rule and its doctrine does not cover the case before us nor should it be extended to it.

The facts of the case at bar bring it squarely within the holding of the Massachusetts court in *Heaney* v. *Colonial Filling Stations,* 262 Mass. 338 [159 N. E. 916], where it was held that a perpendicular drop of 5½ inches in the grade of a driveway with the sidewalk adjoining does not render the abutting owner liable, and as a matter of law is reasonably safe and convenient for the use of pedestrians. (*Cf.* also *Joel* v. *Electrical Research Products, Inc.,* 94 Fed. (2d) 588.)

In the instant case it is conceded that there was no defect in the original construction of the driveway and that it was in the same condition at the time of injury as at the date of its construction. In short, there was no defect or flaw in the driveway. The sole claim is that the continuance of the driveway in the sidewalk under the surrounding conditions was inherently dangerous to pedestrians. If it was, the liability to the plaintiff therefor rested with the city and not with the abutting landowners.

The complaint refers to and annexes as an exhibit a copy of the ordinance. But nowhere does the complaint charge that the defendants in any respect violated it. (*Cf. Lake Erie etc. Co.* v. *Mikesell,* 23 Ind. App. 395 [55 N. E. 488].) Accordingly, the ordinance was admissible in evidence, as evidence, only in support of some other allegation of negligence, and then only if the ordinance conferred a right on the plaintiff for a violation of it. As we have seen, the ordinance does not confer such a right, and so it was erroneously admitted in evidence and erroneously considered, if it was, on the motion for judgment on the pleadings. Moreover, the complaint failed to charge any act of negligence, and so far as it attempted to do so it was done by way of conclusion only and not by the statement of any ultimate fact. The allegation in the complaint that defendants "negligently . . . maintained a public sidewalk . . . at a level below the normal surface level of the adjacent balance of said sidewalk and curb, thereby . . . endangering the safety of persons using said sidewalk and curb in the normal and customary manner," states at best a mere condition and the conclusion of the pleader. The allegation is of no greater import or significance in respect to negligence than if it had merely

averred that a level sidewalk was maintained, thereby endangering pedestrians. An allegation that an owner maintained steps from a sidewalk to his house clearly would not imply he was negligent. So here, something more than maintaining a driveway across a sidewalk below *its level* is necessary to show the maintenance was negligent. The allegation that it was dangerous is the conclusion of the pleader. No doubt the notion back of the allegation is that "but for" the depression existing by reason of the lowered driveway in the sidewalk the plaintiff would not have been injured; but this is not an allegation of negligence.

As the ordinance imposed no liability on the defendants for the maintenance of the driveway and sidewalk and, what is more important, conferred no right of action in favor of an individual pedestrian against the abutting owners, no cause of action based on the ordinance was stated. Aside from the ordinance no basis for a claim of common-law negligence was alleged in the complaint or shown by the evidence. Accordingly, as a judgment for the plaintiff would lack support, it was error to grant a new trial.

Order reversed.

Moore, P. J., and McComb, J., concurred.