## SEARS, ROEBUCK & CO. v. MEYER.
### No. 13211.

United States Court of Appeals,
Ninth Circuit.

June 22, 1953.

Rehearing Denied Aug. 5, 1953.

John L. Wheeler, Los Angeles, Cal., James E. Burns, San Francisco, Cal., for appellant.

J. Adrian Palmquist, Oakland, Cal. (Cyril Viadro, San Francisco, Cal., of counsel), for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and BYRNE, District Judge.

MATHEWS, Circuit Judge.

In the Superior Court of the State of California in and for the County of Alameda, appellee, Rosie Meyer, a citizen of California, brought an action against appellant, Sears, Roebuck & Company, a New York corporation, to recover damages in the sum of $35,000 for personal injuries suffered by appellee and allegedly caused by appellant's negligence. On petition of appellant, the action was removed from the Superior Court to the United States District Court for the Northern District of California, Southern Division. There appellant answered, a jury trial was had, a verdict for appellee for $3,000 was returned, and a judgment was entered on the verdict. This appeal is from that judgment.

The principal question is whether the evidence warranted the verdict.[1]

Appellant does not contend that the amount of the verdict ($3,000) was excessive, if the evidence warranted a verdict for appellee, but contends that the evidence did not warrant any verdict for appellee.

There was evidence to the following effect: At all pertinent times, appellant operated a retail merchandise store in Oakland, California, and maintained a parking lot and a driveway adjacent to the store, the driveway constituting the principal means of ingress to and egress from the parking lot. The driveway crossed and occupied part of a public sidewalk. Appellant's customers used the parking lot and the driveway, including that part of the driveway which was on the sidewalk, and did so with appellant's knowledge and consent. On June 1, 1950, between 3:45 and 4:00 P.M., while walking on the sidewalk and attempting to cross that part of the driveway which was on the sidewalk, ap-

1. Appellant raised this question by a motion for a directed verdict made at the close of all the evidence and by a motion to set aside the verdict and the judgment and for a judgment notwithstanding the verdict or for a new trial.

pellee stepped into and upon some oily substance which had been spilled or deposited and permitted to remain in that part of the driveway. Appellee was thereby caused to, and did, slip, fall and suffer the injuries for which she sought to recover damages in this action.[2] Appellee did not see the oily substance before she stepped into and upon it, nor did she know that there was any such substance in that part of the driveway.

The evidence did not show the exact length of time the oily substance remained in that part of the driveway before the accident. However, there was evidence from which the jury could reasonably infer that it was spilled or deposited in that part of the driveway shortly after 2:00 P.M. on June 1, 1950, and remained there until the accident occurred—a period of about one hour and 45 minutes.[3] Therefore the jury could properly find that appellant should have discovered the oily substance and should have removed it from that part of the driveway before the accident; that appellant's failure to do so was negligence;[4] and that appellee's injuries were caused by that negligence.

Appellant contends that there was no evidence that appellant, by its affirmative act, created a condition which was likely to cause harm to persons using the sidewalk. There is no merit in this contention; for, as indicated above, there was evidence that appellant maintained and knowingly permitted its customers to use a driveway which occupied a part of the sidewalk, thereby creating a condition which was likely to cause harm to persons using that part of the sidewalk.

Appellant contends that there was no evidence that it had knowledge or constructive notice of the presence of the oily substance in that part of the driveway which was on the sidewalk. There is no merit in this contention; for, as indicated above, there was evidence from which the jury could reasonably infer that the oily substance remained in that part of the driveway for a period of about one hour and 45 minutes before the accident. The jury could properly find that that was long enough to charge appellant with notice.[5]

We conclude that the evidence warranted the verdict.

█ Appellant requested the District Court to give the jury an instruction reading, in part, as follows: "No affirmative duty rested on [appellant], as the owner of property abutting said sidewalk or otherwise, to keep the sidewalk in a safe condition." The District Court refused to give the quoted part of the requested instruction. Appellant contends that the refusal was error. This contention is rejected for the following reasons:

The District Court was not, nor are we, concerned with any part of the sidewalk except the part occupied by the driveway. Appellant—which (as the evidence showed) maintained and knowingly permitted its customers to use the driveway—had a legal duty to exercise reasonable care and diligence in keeping that part of the sidewalk

---

2. The evidence showed the character and extent of appellee's injuries. To describe them here would serve no useful purpose.

3. Peter Kristovich (an employee of appellant), whose duty it was to inspect that part of the driveway, testified that he inspected it "about two to three o'clock in the afternoon" of June 1, 1950; that he did not "see any oil deposit" in that part of the driveway at that time; and that he did not inspect that part of the driveway again until after the accident. Appellee testified that the oily substance was "dusty" and "had dirt on it" when she stepped into and upon it—between 3:45 and 4:00 P.M.—thus indicating that it had been there for some time.

4. Granucci v. Claasen, 204 Cal. 509, 269

P. 437, 59 A.L.R. 435; Sexton v. Brooks, 39 Cal.2d 153, 245 P.2d 496; Joel v. Electrical Research Products, 2 Cir., 94 F.2d 588; Barker v. Kroger Grocery & Baking Co., 7 Cir., 107 F.2d 530; Texas Co. v. Williams, 228 Ala. 30, 152 So. 47; James v. Burchett, 15 Wash.2d 119, 129 P.2d 790.

5. Cf. Hamilton v. Pacific Electric Ry. Co., 12 Cal.2d 598, 86 P.2d 829; Van Wye v. Robbins, 48 Cal.App.2d 660, 120 P.2d 507; Louie v. Hagstrom's Food Stores, 81 Cal.App.2d 601, 184 P.2d 708; Travis v. Metropolitan Theatres Corp., 91 Cal. App.2d 664, 205 P.2d 475; Ahearn v. S. H. Kress & Co., 97 Cal.App.2d 691, 218 P.2d 108.

in a proper and safe condition for the passage of pedestrians rightfully using it.[6] The District Court, therefore, properly refused to give the quoted part of the requested instruction.

Judgment affirmed.

6. See cases cited in footnote 4. The contention that the District Court erred in refusing to give the quoted part of the requested instruction is based on a statement in Daly v. Mathews, 49 Cal.App.2d 545, 122 P.2d 81, which was expressly disapproved by the Supreme Court of California in Sexton v. Brooks, supra.