[Civ. No. 17707.   First Dist., Div. One.   May 19, 1958.]

FLOSSIE WINSTON, Appellant, v. ROSE HANSELL, Respondent.

George P. Finnegan for Appellant.

W. Martin Tellegen and Hall, Henry, Oliver & McReavy for Respondent.

PETERS, P. J.—Plaintiff, Flossie Winston, in a second amended complaint, attempted to state a cause of action against the city of San Francisco and against Rose Hansell for damages for personal injuries sustained by her when she fell on the public sidewalk in front of the Hansell property. The complaint purports to state two causes of action, the first against the city, and the second apparently against Rose Hansell[1] as the owner of the abutting property. The cause

---

[1]The second cause of action does not mention the name of Rose Hansell. It refers to the defendants sued as ''First Doe,'' ''Second Doe'' and ''Third Doe,'' and states that such defendants own and occupy the real property involved.

of action against the city is not involved on this appeal. Rose Hansell demurred generally to the second cause of action. The court sustained the demurrer without leave to amend, and entered its judgment of dismissal in favor of Rose Hansell. Flossie Winston appeals.

The second amended complaint as to respondent avers that respondent owns and occupies the property adjoining the sidewalk where she fell; that "at all times herein mentioned there was and now is a sidewalk in front of said premises for the general public to walk upon, and that defendants . . . did make special use of said sidewalk in that said sidewalk was used as a driveway for automobiles"; that on June 9, 1956, "as a direct and proximate result of the carelessness and negligence of said defendants, and as a direct and proximate result of said special use of said sidewalk, it was maintained and kept in a dangerous and defective state of disrepair in that said sidewalk was worn, broken, cracked and uneven; that defendants had notice and knowledge of said defective condition of said sidewalk for a long period of time prior to said 9th day of June, 1956, but that defendants, and each of them, failed, refused and neglected to repair the same at any time prior thereto."

There are certain fundamental principles of law that are decisive of this appeal.

In the absence of statute it is the general rule that there is no common law duty, resting on the owner or occupant of land abutting on a public sidewalk, owed to the public to keep the sidewalk in a safe condition. (*Sexton* v. *Brooks*, 39 Cal.2d 153 [245 P.2d 496]; *Martinovich* v. *Wooley*, 128 Cal. 141 [60 P. 760]; *Schaefer* v. *Lenahan*, 63 Cal.App.2d 324 [146 P.2d 929]; *Barton* v. *Capitol Market*, 57 Cal.App. 2d 516 [134 P.2d 847].)

There are many cases applying this general rule. A few examples will serve to illustrate their general trend. In *Martinovich* v. *Wooley*, 128 Cal. 141 [60 P. 760], the plaintiff stepped on a rotten plank which was part of the sidewalk in front of defendants' property. The plank gave way and plaintiff was injured. The complaint alleged that the defective condition of the plank was caused by the negligence of the defendants. A demurrer was sustained and judgment entered for the defendant. This judgment was affirmed. The Supreme Court stated the applicable rule as follows (p. 143):

"A sidewalk is a part of the highway. [Citations.] At

common law, no duty was cast upon the owner of the abutting property to maintain the street in good repair. If such duty exists in this state it must be by virtue of some statutory enactment. Since culpable negligence cannot exist except from failure to perform a duty imposed by law or by contract, if the duty to repair the sidewalk in this instance was not cast upon defendants they were not responsible for its condition, and the general demurrer was properly sustained.''

In *Sexton* v. *Brooks,* 39 Cal.2d 153 [245 P.2d 496], the plaintiff recovered a judgment for injuries when she fell in front of defendant's building. The fall was caused by a constructional defect in the sidewalk. The jury was instructed that as an invitor the defendant owed to invitees the duty ''to make all portions of the premises over which he has control safe'' whether they be inside or outside the building, and that the jury should determine whether defendant should have warned invitees of the dangers inherent in the sidewalk. The instruction was held to be erroneous, and the judgment was reversed. The Supreme Court stated the general rule and the exceptions to it in the following language (p. 157):

''It is the general rule that in the absence of a statute a landowner is under no duty to maintain in a safe condition a public street abutting upon his property. [Citations.] There is, however, an exception to this rule, and plaintiff claims that the evidence brings this case within that exception. It has been held that an abutting owner is liable for the condition of portions of the public sidewalk which he has altered or constructed for the benefit of his property and which serve a use independent of and apart from the ordinary and accustomed use for which sidewalks are designed. . . .

'' A landowner may also be liable under some circumstances where the public sidewalk has been constructed or altered by the city in a particular manner for the special benefit of his property. For example, if an inherently dangerous condition is created on a public sidewalk abutting an entrance to a building, and this is done at the request of the owner and for his special benefit in order to serve a use independent of and apart from the ordinary and accustomed use for which sidewalks are designed, the landowner may be under a duty to warn invitees of the hazard. If, however, the work is done by the city without regard to whether it benefits the adjoining property, and if the incidental benefit which results could not have been refused by the person who owned the property

at that time, neither he nor his successor should be held liable for a dangerous condition caused by the construction.''

In *Schaefer* v. *Lenahan,* 63 Cal.App.2d 324 [146 P.2d 929], a demurrer without leave to amend was sustained as to Lenahan and the resulting judgment affirmed. There the plaintiff fell because of a defect in the sidewalk abutting Lenahan's property. The court held that ''there is no common law duty resting upon the owner or occupant of premises abutting on a public street to keep the sidewalk in repair. Consequently, in the absence of statute, it is well settled that such an abutting owner or occupant is not liable to travelers injured as a result of defects in the sidewalk, which defects were not created by the owner or occupant. [Citations.]''[2] (P. 326.)

The limited application of the exceptions to the general rule of nonliability is illustrated in the following cases: In *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419 [260 P.2d 55], the plaintiff fell while walking on the sidewalk in front of an apartment house owned by Duque. In order to get into the garage of the apartment, the floor of which was lower than the sidewalk, a predecessor of Duque had cut a slope into the sidewalk 11 inches deep at the property line and sloping out 6 feet 7 inches into the sidewalk. The plaintiff walked into this depression. A judgment in favor of Duque was reversed because of an erroneous instruction which told the jury that ''when the owner of property abutting a sidewalk creates, by some positive action, a condition which is likely to cause harm to persons lawfully using the sidewalk, and a person so using the walk is injured as a proximate result of such condition, the property owner is then liable for that injury, in the absence, of course, of contributory negligence.'' (P. 423.) This instruction was held to be inaccurate because it did not go far enough. It implied that only the property owner who constructed the sidewalk is liable. The duty created by special construction of the type

---

[2] In the Schaefer case it was also held that section 31 of the Improvement Act of 1911 as amended in 1935 did not create such a duty even after notice by the public authorities to repair, though that statute imposed a duty to repair after such notice. In the instant case there is no allegation of such a notice by the public authorities to repair. It should be mentioned that the Schaefer case did not discuss the possible application of section 39 of that statute, also amended in 1935. Even if section 39, first called to the attention of the court in the petition for hearing in the Schaefer case, created a general duty to the public, such duty would only exist after notice from the public authorities. As already pointed out, no such notice is here alleged.

described runs with the land. The court described the duty of an abutting owner to the public as follows (p. 423): ·

". . . The rule is that an abutting landowner may be held liable for the dangerous condition of portions of the public sidewalk which have been altered or constructed for the benefit of his property and which serve a use independent of and apart from the ordinary and accustomed use for which sidewalks are designed."

This liability of the owner for defects created by special construction for the particular needs of the abutting property by the owner or a predecessor in interest was also imposed in *Monsch* v. *Pellissier*, 187 Cal. 790 [204 P. 224]. There the trial court sustained a demurrer to a complaint, alleging that the owner constructed a vault under the sidewalk, and put iron gratings and inlaid glass in the sidewalk to supply light to the underground vault. The glass became broken ' or chipped and the plaintiff stepped into the hole. The Supreme Court properly reversed, holding that the complaint alleged that the construction involved was for the special and particular benefit of the property owner, and that under such facts he was under a duty to keep it in repair.

In *Granucci* v. *Claasen*, 204 Cal. 509 [269 P. 437, 59 A.L.R. 435], a directed verdict for the property owner was reversed where it was shown by the evidence that the owner of the premises had constructed a wooden driveway in front of his premises instead of a sidewalk for the special use of the property. Nails became loosened in the planks, causing plaintiff to fall. At page 512 the court stated: "This driveway having been thus constructed and used not primarily for sidewalk purposes but for the benefit and convenience of the said defendants in connection with their adjacent property and which use was one independent of and apart from the ordinary and accustomed use for which sidewalks are designed, the duty was cast by law upon the defendants to exercise reasonable care and diligence in the keeping of said driveway at the point where it was superimposed upon said sidewalk in a proper and safe condition for the passage of pedestrians rightfully using said sidewalk and said driveway superimposed by defendants thereon. [Citing many cases.]"

Another illustrative case is *Barton* v. *Capitol Market*, 57 Cal.App.2d 516 [134 P.2d 847], where this court reversed a nonsuit in favor of defendant. There the owners of a building adjacent to the sidewalk sprayed the building so that an oily and slippery stain spread across the sidewalk, causing the

plaintiff to slip. The court pointed out that in "the absence of statute there is no affirmative obligation on the abutting property owner to keep the sidewalk in a safe condition" (p. 518), and then declared that it "was equally well settled, however, that if the abutting owner by positive action creates a condition which is likely to cause harm to persons lawfully using the sidewalk, and a person is injured as a proximate result thereof, the property owner is liable. Stated another way, the owner of premises abutting a sidewalk is under a duty to refrain from doing any affirmative act that would render the sidewalk dangerous for public travel."

Thus, the general rule is that an abutting owner is not liable for injuries caused to members of the public by a defective sidewalk, at least in the absence of notice from the public authorities to repair. This general rule applies unless the defect is one created by the abutting owner or is the result of constructing or altering the sidewalk in such a fashion that it fills some special and peculiar need of the abutting owner. It necessarily follows that if the sidewalk is used only for normal sidewalk purposes and has no constructional defects created to fit the peculiar needs of the abutting property, no liability attaches because of defects in the sidewalk in the absence of some affirmative act of the abutting owner contributing to the defective condition, or in the absence of notice by the public authorities to repair.

In the instant case the appellant seeks to bring the facts within the exception to the general rule by the allegation that the defendants "did make special use of said sidewalk in that said sidewalk was used as a driveway for automobiles." There is no allegation that the sidewalk was specially constructed or altered to meet some peculiar need of the abutting property and that such construction created a defective condition. There is no allegation of any affirmative act committed by the abutting owner, or by a predecessor in interest, that contributed to the condition. There is no allegation that the public authorities notified respondents to repair the defective condition. There is no contention made that under the facts the complaint could be amended so as to add any one of such omitted allegations. All that is alleged is that the sidewalk was used as a driveway by the abutting owners, and that such constituted a "special use" of the sidewalk by the property owners. Certainly, in this day and age, the use of a sidewalk as a driveway to the abutting property is not a peculiar or unusual use of such sidewalk. It is one of the

ordinary and accustomed uses for which sidewalks are designed. Private garages cannot be built to open directly onto the street, but must be set back at least to the property line in order to allow for sidewalks upon which pedestrians may travel. The use of part of the sidewalk as a driveway is imperative in most, if not all, locations. Such use is no more peculiar or unusual than using the sidewalk for pedestrians who desire to visit the owners of the abutting property. The allegations of the complaint clearly bring the case within the scope of the rule announced in the Martinovich, Sexton and Schaefer cases.

The demurrer to this complaint was sustained without leave to amend. The complaint was the second amended complaint. Appellant does not suggest that she desires to amend so as to allege any facts not now included in the pleading. That pleading is fatally defective. The demurrer was therefore properly sustained without leave to amend.

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.