[Civ. No. 23385.   First Dist., Div. Three.   Jan. 5, 1968.]

MARIE G. HOLDRIDGE, Plaintiff and Appellant, v. MARIE G. DREWES, Defendant and Respondent.

628

Hoberg, Finger, Brown & Abramson and James D. Mart for Plaintiff and Appellant.

Barfield, Barfield & Dryden and Cyril Viadro for Defendant and Respondent.

SALSMAN, J.—The plaintiff brought this action against defendants Drewes and Belaich for injuries sustained when she slipped and fell while stepping over a raised curb in front of residential property owned by defendant Drewes, after walking around a car parked across the sidewalk by defendant Belaich. After refusing to admit certain evidence, the court granted a defense motion for a nonsuit as to defendant Drewes at the close of plaintiff's case. The jury returned a verdict in favor of plaintiff for $8,209.59 against defendant Belaich. Belaich has not appealed. Plaintiff appeals from the judgment of nonsuit in favor of the defendant Drewes.

The accident occurred on July 9, 1959 at about 9:30 p.m. Plaintiff was walking uphill on the left side of Buchanan Street, toward Green. Defendant's property is located at 2910-2912 Buchanan, midway between Union and Green. Defendant Belaich's automobile was parked across the sidewalk in the driveway of defendant Drewes' building, where he was a tenant. The plaintiff, who was 62 years of age at the time, could not safely pass around the front end of the car on the garage side. She therefore stepped into the street and walked around the rear end of the car. She was carrying a small suitcase and an overnight bag. It was dark. As she stepped up from the street to the sidewalk, she tripped and fell, injuring her hip.

When plaintiff stepped up from the street, she expected the sidewalk to be at the same level as the top of the curbstone separating the sidewalk from the street. It was not. The concrete square of sidewalk next to the curbstone was considerably lower than the top of the curbstone. The curbstone and adjacent square in question were at the uphill edge of defendant's driveway.

Defendant's building had been owned by her family for at least 75 years. The defendant became sole owner of it in 1959 before the accident occurred, after holding an interest in it as a joint tenant. She did not live on the property, and her agent collected the rent.

At trial plaintiff offered as evidence copies of records of the Central Permit Bureau of the San Francisco Department of

Public Works. The first of these records, dated November 5, 1914, is an application to make certain repairs and additions to defendant's premises, signed by R. W. Cudworth as owner. A subsequent application also requests permission to make alterations and repairs, including the construction of a basement garage. The City Inspector noted on the application that construction of the garage would necessitate an ". . . incline in sidewalk." Below this notation appear the words: ". . . no garage agreed to . . ." and below them the signature of R. W. Cudworth. The third application, dated January 21, 1943, requests permission to "Install new foundations, concrete floor in garage . . ." and to do other work. Permission to make these alterations and repairs was granted. Each of these documents was excluded as incompetent, irrelevant and immaterial.

The plaintiff also offered as evidence certain city ordinances relating to the construction of automobile driveways. The ordinances contain diagrams and drawings illustrating their requirements, and particularly show that, in the construction of driveways, an 18-inch sloping "shoulder" is required on each side of the driveway proper. The court also sustained defendant's objection to this evidence on the ground that it was immaterial.

We have concluded there was no error in the rulings of the trial court and that there is no evidence in the record upon which the defendant could be found liable. Therefore, the nonsuit was properly granted, and we affirm the judgment.
■ The general rule is that an adjoining property owner has no duty to repair the public sidewalk in front of his property, in the absence of some statutory duty imposing such an obligation. (*Eustace* v. *Jahns*, 38 Cal. 3; *Martinovich* v. *Wooley*, 128 Cal. 141, 143 [60 P. 760]; *Schaefer* v. *Lenahan*, 63 Cal.App.2d 324, 326 [146 P.2d 929]; 88 A.L.R.2d 331, 338.) ■ But where the property owner alters or changes the sidewalk for the benefit of his own property, so that the sidewalk serves a use independent of and apart from the ordinary and accustomed use for which the sidewalk was designed, liability may be imposed for a dangerous and defective condition thus created which results in injury to persons using the sidewalk. (*Peters* v. *City & County of San Francisco*, 41 Cal.2d 419, 423 [260 P.2d 55]; *Granucci* v. *Claasen*, 204 Cal. 509 [269 P. 437, 59 A.L.R. 435]; *Monsch* v. *Pellissier*, 187 Cal. 790 [204 P. 224]; see also, 25 Cal.Jur.2d, Highways and Streets, §§ 224-226, pp. 102-107; Rest. 2d Torts, §§ 349-

350; 2 Witkin, Summary Cal. Law (1960) Torts, §§ 247-248, pp. 1442-1444.) If there is a duty to repair, it runs with the land, imposing liability on present owners for failing to maintain the alterations made by their predecessors. (*Sexton* v. *Brooks*, 39 Cal.2d 153, 157 [245 P.2d 496].)

Thus, in order to impose liability upon the defendant, the plaintiff in the instant case was required to show that the defendant or her predecessor had altered or constructed the sidewalk or curb at the point where plaintiff fell. The evidence rejected as immaterial by the trial court did not make such a showing, however. The various applications for building permits establish only that defendant's predecessors applied for permission to build a garage, built a garage, and later were granted a permit to improve the garage. The applications might also support an inference that a driveway was built to provide access to the garage, and that the curbstone in the driveway was removed and the sidewalk lowered to the level of the street. However, the proffered evidence furnishes no support for an inference that defendant or her predecessors lowered the level of the sidewalk adjacent to the curb at the point where plaintiff fell. Thus the trial court properly ruled that evidence relevant to the construction and alteration of areas other than the area causing the plaintiff's fall was immaterial.

Plaintiff argues in effect that the defendant is liable for her injuries because she fell on that portion of the sidewalk embraced within the 18-inch "shoulder" of the driveway. As we have seen, plaintiff's attempt to show the requirement of an 18-inch shoulder for driveways was frustrated by the court's rejection of the ordinances offered as evidence. If there was any evidence to show that the defendant or her predecessors had ever at any time altered or changed the sidewalk surface at the point where plaintiff fell, this argument would have merit, for where the landowner constructs a shoulder sloping to the driveway level and the slope is dangerous to passersby, the landowner is liable for resulting injuries. (*Peters* v. *City & County of San Francisco, supra.*) But no such evidence was offered. The ordinances offered and rejected show merely that such shoulders are required where the slope of the driveway differs from that of the sidewalk. Moreover, there were photographs in evidence and testimony by several witnesses, from which it may be inferred that it was not only the first 3-foot square of sidewalk above the driveway that was depressed below curb level. Plaintiff's Exhibit 4 shows that the variance in the height of

the curb and the sidewalk commences at least five squares, or about 15 feet, above the uphill edge of defendant's driveway and gradually increases until it reaches the square where plaintiff fell. Thus any inference that defendant's predecessors, in constructing the driveway, lowered the sidewalk next to the curb would be wholly unwarranted.

There is little merit in plaintiff's further argument that grounds for the motion for a nonsuit were not adequately stated. It is the rule that any reasonably clear statement of the grounds upon which such a motion is made is sufficient. (See 2 Witkin, Cal. Procedure (1954) Trial, p. 1861, and cases cited.) When the motion was made the court expressed the view that no duty was imposed upon the defendant to maintain the sidewalk in a safe condition. Counsel for the defendant, in pressing the motion, adopted the court's view, and cited various authorities, particularly *Winston* v. *Hansell,* 160 Cal.App.2d 570 [325 P.2d 569], which made clear the ground upon which a nonsuit was sought. It is sufficiently clear that defendant contended there was no evidence that defendant or her predecessors altered or changed the sidewalk in the area where plaintiff was injured and therefore, upon the authority of *Winston, supra,* there was no liability on the property owner.

The judgment is affirmed.

Draper, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.