[No. H003469. Sixth Dist. Dec. 8, 1989.]

DENNIS W. WILLIAMS, Plaintiff and Respondent, v.
CALVIN FOSTER, Defendant and Appellant;
CITY OF SAN JOSE, Defendant and Respondent.

512

## COUNSEL

Williams, Kelly, Polverari & Skelton, Steve Defillipis and Thomas J. Burns for Defendant and Appellant.

James F. Boccardo and John W. Coakley for Plaintiff and Respondent.

Joan R. Gallo, City Attorney, Laurence L. Spitters, Jr., and George Rios, Deputy City Attorneys, for Defendant and Respondent.

Louise H. Renne, City Attorney (San Francisco), Dennis Aftergut, Assistant City Attorney, Kimberly A. Reiley, John A. Peak and Marc G. Hynes, Deputy City Attorneys, James P. Jackson, City Attorney (Morgan Hill), and Lawrence M. Lunardini, Deputy City Attorney, as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**CAPACCIOLI, Acting P. J.**—This case involves a negligence action filed by Dennis W. Williams, an injured pedestrian, for damages resulting from a trip and fall accident on a public sidewalk against the City of San Jose and Calvin Foster, the owner of the property abutting the defective sidewalk. Apparently, the surface of the sidewalk had been made uneven by the roots

of a tree planted on the parkway in front of Foster's property.[1] San Jose and Foster cross-complained against each other for indemnity. By special verdict, the jury found Williams 30 percent at fault and Foster and San Jose each 35 percent at fault. Williams obtained a judgment making the City of San Jose and Calvin Foster jointly and severally liable for economic damages of $15,928.98, the City of San Jose severally liable for noneconomic damages of $16,590, and Foster severally liable for noneconomic damages of $16,590.[2] Neither San Jose nor Foster obtained a judgment for indemnity.

Foster appeals.[3] The principal issue on appeal is whether the duty of abutting landowners to maintain and repair the public sidewalk fronting their property established by Streets and Highways Code section 5610[4] or by San Jose ordinances[5] is owed to members of the public. Foster contends the

[1] The term "parkway" refers to the landscaped strip adjacent to the sidewalk.

[2] Williams did not appeal from the judgment and, therefore, cannot ask this court to modify the judgment against the City of San Jose in accordance with *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d. 1188 [246 Cal.Rptr. 629, 753 P.2d 585].

[3] The City and County of San Francisco has filed an amicus curiae brief.

[4] All further statutory references are to the Streets and Highways Code unless otherwise specified. Section 5610 provides as follows: "The owners of lots or portions of lots fronting on any portion of a public street or place when that street or place is improved or if and when the area between the property line of the adjacent property and the street line is maintained as a park or parking strip, shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property and maintain it in a condition which will not interfere with the public convenience in the use of those works or areas save and except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk by any person other than the owner, under and by virtue of any permit or right granted to him by law or by the city authorities in charge thereof, and such persons shall be under a like duty in relation thereto." Section 5600 defines "sidewalk" to include ". . . a park or parking strip maintained in the area between the property line and the street line and also includes curbing, bulkheads, retaining walls or other works for the protection of any sidewalk or of any such park or parking strip."

[5] San Jose Municipal Code section 13.28.190 provides in part: "The owners of lots fronting on any portion of a street shall maintain any trees, shrubs, or hedges on said street in such condition that the trees, shrubs, or hedges will not interfere with the public convenience and the use of the streets." San Jose Municipal Code section 14.16.220 provides in part: "The owners of lots or portions of lots fronting on any portion of a sidewalk area between the property line of the lots and the street line, including parking strips and curbs, and persons in possession of such lots by virtue of any permit or right shall repair and maintain such sidewalk areas and pay the costs and expenses therefore, including a charge for the City of San Jose's costs of inspection and administration whenever the City awards a contract for such maintenance and repair; the amount to be set by resolution of the City Council for administering the contract. For purposes of this part, maintenance and repair of sidewalk area shall include removal and replacement of sidewalks, removal and filling or replacement of parking strips, removal of weeds and/or debris, trimming of shrubs and/or ground cover and trimming shrubs within the area between the property line of the adjacent property and the street line, including parking strips and curbs, so that the sidewalk area will not endanger persons or property . . . and will be in a condition which will not interfere with the public convenience in the use of said sidewalk area except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk area by any person other than the owner, under and by vir-

duty is owed only to the City of San Jose. He also contends that if the San Jose ordinances do create such a duty to members of the public, they are invalid because they in effect "pass on" liability to the abutting owners for unsafe sidewalk conditions and, therefore, conflict with the Governmental Tort Claims Act which concerns governmental liability, an area of state-wide concern upon which charter cities may not legislate. Foster asserts that, in the absence of an affirmative duty to the members of the public under statute or ordinance, the trial court erred (1) in denying his motion for nonsuit and (2) in reading to the jury, over his objection, section 5610, the relevant portions of the San Jose ordinances, and an instruction that an abutting owner is under a duty to keep the sidewalk in a safe condition if the duty is delegated to the owner by statute or ordinance.[6] The court also instructed regarding the negligence per se presumption as to the San Jose ordinances.[7]

We reverse the judgment against Foster.

---

tue of any permit or right granted to him by law and by the City, in which case such persons shall be under a like duty to repair and maintain."

[6] The court gave the jury BAJI No. 8.50 except it modified the first sentence to provide that "the owner of property abutting a public sidewalk is under no duty to keep the sidewalk in a safe condition, unless this duty is delegated to the owner of property by statute or ordinance of the city." The standard instruction reads: "Ordinarily the owner of property abutting a public sidewalk is under no duty to keep the sidewalk in a safe condition. [¶] However, if he has altered the sidewalk for the benefit of his property apart from the ordinary use for which the sidewalk was designed, he does have a duty to use ordinary care in making such alteration and in keeping the altered portion of the sidewalk in a reasonably safe condition. [¶] [This duty would exist even if the alteration was done by an earlier owner, or by the city at the request of a property owner.] [¶] A failure to fulfill such duty is negligence. [¶] [A condition is not an unsafe condition if the risk created by the condition was of such a minor, trivial, or insignificant nature in view of the surrounding circumstances that it did not create a substantial risk of injury when such sidewalk was used with due care in a manner in which it was reasonably foreseeable that it would be used.]"

[7] The court stated: "If you find that a party to this action violated the ordinances just read to you and that such violation was a legal cause of injury to another or to himself, you shall find that such violation was negligence unless such party proves by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. In order to sustain such burden of proof, such party must prove by a preponderance of the evidence that he was faced with circumstances which prevented compliance or justified non-compliance with the ordinance." We note, however, that the presumption of negligence does not arise if the conditions for the presumption are not established, two of those conditions are that "[t]he . . . injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent" and "[t]he person suffering . . . the injury to his person . . . was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted," and the existence of those conditions is a question of law for the court. (See Evid. Code, § 669 and Law Revision Com. com. thereto.) The presumption has no applicability here if the San Jose ordinances were designed not to protect members of the public but merely to shift the financial burden of maintenance from the government to the abutting owners.

I

*Duty of Maintaining Public Sidewalks*

■ At common law, abutting property owners and occupants had no affirmative duty to maintain or repair a public sidewalk and were not liable for injuries occurring there which resulted from the mere failure to maintain it. (*Martinovich* v. *Wooley* (1900) 128 Cal. 141, 143 [60 P. 760]; *Eustace* v. *Jahns* (1869) 38 Cal. 3, 14-15.) ■ The common law governs in the absence of legislation on the subject. (*Ibid.*; see *Estate of Apple* (1885) 66 Cal. 432, 434 [6 P. 7].) ■ Of course, an abutter has always been liable for injuries occurring on a public sidewalk which were caused by the abutter's negligence or nuisance involving some act or omission other than the mere failure to maintain or repair the sidewalk. (See e.g. *Lee* v. *Ashizawa* (1964) 60 Cal.2d 862, 863-864 [37 Cal.Rptr. 71, 389 P.2d 535]; *Peters* v. *City & County of San Francisco* (1953) 41 Cal.2d 419, 423 [260 P.2d 55]; *Laurenzi* v. *Vranizan* (1945) 25 Cal.2d 806, 809-810 [155 P.2d 633]; *Granucci* v. *Claasen* (1928) 204 Cal. 509, 512 [269 P. 437, 59 A.L.R. 435].)

■ In *Eustace* v. *Jahns, supra*, 38 Cal. 3, the issue was whether ". . . an owner of a lot fronting upon a public street in the City and County of San Francisco [had] the duty to repair a defect in such portion of that public street upon which his lot abuts or fronts" where there was no notice of repair from the Superintendent of Streets. (*Id.* at pp. 14, 16.) The California Supreme Court stated that the common law did not impose the duty to repair a defective public street upon the abutting owner and any such duty would have to be found in the statutes. (*Id.* at pp. 14-15.)

The court examined the statutory city and county charter of San Francisco as amended and found that it did not impose any duty upon the abutting owner except the duties to pay assessments and to perform special local repairs upon notice by the superintendent of public streets and highways. (*Id.* at pp. 15-16.) It stated that it was not aware of any ordinance imposing a general duty to repair in the absence of such notice. (38 Cal. at p. 17.) It concluded: "[W]e are unable to comprehend by what process of ratiocination the duty to repair a public street or highway is devolved upon an individual from the fact that he is liable to be notified by the Superintendent of Streets to make specific repairs, or owns or occupies a lot liable to be assessed to defray the expenses of repairs, when made by another at the instance of the Superintendent." (*Id.* at p. 19.)

*Martinovich* v. *Wooley, supra*, 128 Cal. 141, involved an injury resulting from a defective sidewalk in the City and County of San Francisco. (*Id.* at pp. 142-143.) A judgment in favor of the abutting property owners was

entered following the trial court's order sustaining a demurrer and the plaintiff's failure to amend. (*Id*. at p. 143.) The California Supreme Court stated: "A sidewalk is part of the highway. [Citations.] At common law, no duty was cast upon the owner of the abutting property to maintain the street in good repair. If such duty exists in this state it must be by virtue of some statutory enactment. . . . As no ordinance of the city and county of San Francisco bearing upon the question is pleaded in the complaint, we have recourse to the general street law for the provisions regulating and governing this question." (*Id*. at p. 143.) It noted the general street law expressly imposed liability upon the property owner for injuries resulting from any defect in the street fronting his property where the defect existed for 24 hours or longer following notice to repair from the superintendent of streets. (*Id*. at p. 143.) It then found *Eustace* v. *Jahns, supra,* controlling and declared: "To impose a liability upon defendants, it was incumbent upon the plaintiff to show that the notice to be given by the superintendent of streets had been given and had been disregarded for the specified time. This is nowhere averred." (*Id*. at p. 144.) The court affirmed the judgment. (*Ibid*.)

In the landmark case of *Schaefer* v. *Lenahan* (1944) 63 Cal.App.2d 324 [146 P.2d 929], an appellate court held that section 31 of the Improvement Act of 1911 as amended in 1935, which required abutting owners to maintain the public sidewalk in a nondangerous condition and a condition which did not interfere with the public convenience and to timely perform repairs upon notice from the superintendent of streets (stats. 1935, ch. 771, § 2, pp. 2148-2150),[8] did not create a duty owed to members of the public using the sidewalk. (*Id*. at pp. 326-332.) The court noted that, unlike the statute in *Martinovich* v. *Wooley,* the statute in question did not expressly impose liability on the abutting owners for injuries resulting from defects in the sidewalk nor did it provide that the abutting owners' duty to repair was owed to travelers on the sidewalk. (*Id*. at pp. 330-331.) Upon reviewing the case law of other states regarding the interpretation of similar statutes, the

---

[8] Section 31 of the Improvement Act of 1911 as amended in 1935 provided in part: "It shall be the duty of the owners of lots or portions of lots fronting on any portion of a public street . . . or place when said street . . . or place shall have been improved or if and when the area between the property line of said adjacent property and the street line is maintained as a park or parking strip, to maintain any sidewalk, curbing or park or parking strip, bulkheads, retaining walls or other works for the protection of the same in such condition that the same shall not endanger persons or property and to maintain the same in a condition which will not interfere with the public convenience in the use of said works or areas; save and except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk, curb, park or parking strip, bulkheads, retaining walls or other works by any individual, firm or corporation other than said owner, under and by virtue of any permit or right to them granted by law or by the municipal authorities in charge thereof, and such persons, firms or corporations shall be under a like duty in relation thereto." (Stats. 1935, ch. 771, § 2, pp. 2148-2149.)

court found that ". . . the overwhelming weight of authority is to the effect that a statute which requires abutting owners to maintain and repair sidewalks adjoining their premises, such work to be done by the municipality at the expense of the abutting owners in case of their failure to construct or repair, does not impose liability upon such owners, either to travelers or to the city, for injuries incurred by reason of the defective sidewalk. [Citations.]" (*Id.* at pp. 327-328.) The court concluded: "[Section 31 of the Improvement Act of 1911] was not passed for the purpose of transferring the primary duty to repair sidewalks to the property owners, and to relieve the city of that primary duty and responsibility. The obvious purpose of the statute was to provide a means of reimbursing the city for the cost of the repairs. To impose a wholly new duty upon the property owner in favor of third persons would require clear and unambiguous language." (*Id.* at pp. 331-332.)

Streets and Highways Code section 5600 et seq., which concerns the maintenance of sidewalks and was added in 1941, is derived from the Improvement Act of 1911 as amended. (See Stats. 1911, ch. 397, §§ 31 and 32, pp. 747-749; Stats. 1935, ch. 771, §§ 2 and 3, pp. 2148-2151; Stats. 1939, ch. 508, §§ 1 and 2, pp. 1886-1889; Stats. 1941, ch. 79, § 1, pp. 873-877.) Section 5610 states the duty to maintain the sidewalk in essentially the same language as section 31 of the Improvement Act of 1911 as amended in 1935.

■ Foster contends that the holding of *Schaefer* v. *Lenahan, supra*, 63 Cal.App.2d 324, is applicable to section 5610 and, by analogy, to the San Jose ordinances. Therefore, any duty thereunder is not owed to members of the public.

Both Williams and San Jose argue that Foster is liable to a member of the public for a breach of duty to maintain the sidewalk and parkway. Williams argues the duty was owed to him as a member of the public because the San Jose ordinances establish that duty and the evidence showed that the city does not perform any maintenance of the parkway other than tree trimming, San Jose placed the ultimate responsibility for maintenance of the parkway on the adjacent property owner, and the sidewalk defect was caused by roots of trees on the parkway. In support of these arguments, he cites *Low* v. *City of Sacramento* (1970) 7 Cal.App.3d 826 [87 Cal.Rptr. 173], *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358 [178 Cal.Rptr. 783, 636 P.2d 1121], and *Jones* v. *Deeter* (1984) 152 Cal.App.3d 798 [199 Cal.Rptr. 825].

San Jose contends first that the holding of *Schaefer* v. *Lenahan* is dubious in view of modern tort law developments, citing *Low* v. *City of Sacramento, supra,* 7 Cal.App.3d 826, *American Motorcycle Assn.* v. *Superior Court*

(1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], *City of Sacramento* v. *Gemsch Investment Co.* (1981) 115 Cal.App.3d 869 [171 Cal.Rptr. 764], and *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358. It secondly contends that the analysis of *Schaefer* v. *Lenahan* is inapplicable to the City of San Jose's ordinances because they are more explicit regarding the scope of the abutting owners' duty to maintain than the state statute and San Jose did not perform such maintenance, citing *Eustace* v. *Jahns, supra,* 38 Cal. 3, *Martinovich* v. *Wooley, supra,* 128 Cal. 141, *Moeller* v. *Fleming* (1982) 136 Cal.App.3d 241 [186 Cal.Rptr. 24], *Jones* v. *Deeter, supra,* 152 Cal.App.3d 798.

In *Low* v. *City of Sacramento, supra,* 7 Cal.App.3d 826, a slip and fall accident occurred on a planting strip between a public sidewalk and roadway in front of a county hospital. (*Low* v. *City of Sacramento, supra,* 7 Cal.App.3d 826, at pp. 829-830, 834.) The county held all the property in fee and the city held the public street easement. (*Id.* at p. 834.) The issue was whether the county controlled or owned the parking strip for purposes of establishing its tort liability under the California Tort Claims Act. (See Gov. Code, §§ 830, subd. (c), 835.) Analogizing to the reasoning of the sidewalk accident cases, the court found the county controlled the strip: "Like a private abutting owner, the county undertook to maintain the grassy surface of the parking strip. In this activity it was subject only to the exercise of the city's control as owner of the public street easement. . . . It had the power of control both to prevent its deterioration and to remedy it. . . . Coupled with its ownership of the underlying fee was a set of powers amounting to 'control' in the statutory sense." (*Id.* at p. 834.)

*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578, held that the adoption of comparative negligence analysis did not abolish joint and several liability of concurrent tortfeasors and modified the common law equitable indemnity doctrine to permit partial indemnity on a comparative fault basis. (*Id.* at pp. 586-598.)

*City of Sacramento* v. *Gemsch Investment Co., supra,* 115 Cal.App.3d 869, involved a slip and fall accident on a city sidewalk covered with palm tree seeds. (*Id.* at p. 871.) The adjoining landowner, its lessee, and sublessee settled with plaintiff and then successfully moved for summary judgment on the city's cross-complaint for indemnity on the ground that it was barred by their good faith settlement pursuant to Code of Civil Procedure section 877, subdivision (b). (*Id.* at pp. 871-873.) The court affirmed the summary judgment, holding that the city's ordinances requiring abutting owners to repair defective sidewalks, requiring abutting tenants to notify the city of defective sidewalks, and allowing actions against abutters who fail to repair or report did not create a contract of full indemnity between the city and the three

other defendants and equitable indemnity was barred by the settlement. (*Id.* at pp. 873-877.)

*Sprecher* v. *Adamson Companies, supra*, 30 Cal.3d 358, involved the alleged negligent failure of a landowner to correct or control a landslide condition which resulted in a landslide injuring neighboring property. (*Id.* at p. 361.) The California Supreme Court repudiated the common law rule of nonliability for natural conditions of land and held that a possessor's liability would be determined under ordinarily negligence principles. (*Id.* at pp. 362-372.)

*Moeller* v. *Fleming, supra*, 136 Cal.App.3d 241, involved a pedestrian slip and fall accident on a City of San Jose sidewalk where it was alleged that the roots of a tree on the abutting owner's property caused a break in the sidewalk. Following *Sprecher* v. *Adamson Companies, supra*, the reviewing court reversed the summary judgment in favor of the landowner against the plaintiff pedestrian. (*Moeller* v. *Fleming, supra*, 136 Cal.App.3d at pp. 244-245.) The court also assumed without deciding that, under the analysis of *Schaefer* v. *Lenahan*, San Jose's ordinances did not give rise to negligence liability on the part of the landowner to the plaintiff. (*Moeller* v. *Fleming, supra*, 136 Cal.App.3d at p. 244.)

In *Jones* v. *Deeter, supra*, 152 Cal.App.3d 798, an appellate court considered whether an owner of property abutting a public sidewalk parkway was liable to a pedestrian who was injured as a result of a break in the sidewalk caused by roots of trees on the parkway where the City of Long Beach planted the trees on the parkway and, historically, the city performed all necessary maintenance on them and the owner did not otherwise contribute to the dangerous condition. (*Id.* at pp. 801-805.) The court concluded that, since section 5610 creates no duty to maintain or repair sidewalks by abutting owners in favor of pedestrians, liability must be based on negligent acts or omissions other than the mere failure to comply with that section. (*Id.* at pp. 803-804.)

The court then determined that where abutting owners historically have undertaken to plant trees in the parkway or care for them, abutting owners owe a duty to pedestrians to maintain the trees in a safe condition. (152 Cal.App.3d at p. 805.) It relied primarily on *Low* v. *City of Sacramento, supra*, 7 Cal.App.3d 826, in adopting its historical pattern of care analysis. (*Jones* v. *Deeter, supra*, 152 Cal.App.3d at pp. 804-805.) The court concluded that under that analysis the abutting owner was not liable because the City of Long Beach, as a matter of practice, did perform the essential maintenence of the trees. (*Id.* at p. 805.) In closing, the court stated: "Should [the city] tire of its responsibility to care for the magnolias at issue

here, this task may be passed on to abutting owners under the procedure established by Streets and Highways Code, section 5600 et seq. Until this is done, however, it would be fundamentally unfair to hold an abutting owner liable to pedestrians injured by defects in the sidewalk and parkway, when past practice has given that owner every reason to believe that the City has undertaken the responsibility to repair these defects." (*Id.* at p. 806.)

We do not find anything in the cases cited which erodes the underpinnings of *Schaefer* v. *Lenahan, supra,* 63 Cal.App.2d 324. *Low* v. *City of Sacramento, supra,* 7 Cal.App.3d 826, is consistent with general rule that a person may be held liable for negligence where he undertakes to act without an affirmative duty to do so but acts without due care. (*Coffee* v. *McDonnell-Douglas Corp.* (1972) 8 Cal.3d 551, 557 [105 Cal.Rptr. 358, 503 P.2d 1366]: *Schwartz* v. *Helms Bakery Limited* (1967) 67 Cal.2d 232, 238 [60 Cal.Rptr. 510, 430 P.2d 68].)

Nothing in the equitable indemnity doctrine announced in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578, touches upon whether there was a legal duty toward the person harmed in the first place. Since San Jose did not appeal from judgment on its cross-complaint for indemnity against Foster, we do not consider the effect of that case. *City of Sacramento* v. *Gemsch Investment Co., supra,* 115 Cal.App.3d 869, did not address the threshold question of the existence of a legal duty. It merely concerned the effect of a good faith settlement pursuant to Code of Civil Procedure section 877, subdivision (b), on a city's claim for equitable indemnity and whether city's ordinances created a contract of indemnity. ▌ Judicial decisions are not authority for propositions not considered. (*People* v. *Ceballos* (1974) 12 Cal.3d 470, 481 [116 Cal.Rptr. 233, 526 P.2d 241].)

The holding of *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, makes a difference in analyzing a landowner's duty of care as to trees on his property whose roots damage the public sidewalk. Thus, *Moeller* v. *Fleming, supra,* 136 Cal.App.3d 241, following *Sprecher,* held that a property owner may be held liable where a person is injured as a result of a break in the City of San Jose's sidewalk caused by the roots of a tree on the adjacent private property. However, even in *Moeller* v. *Fleming,* the court assumed San Jose's ordinances did not impose an affirmative duty on abutting landowners to maintain the sidewalk toward members of the public. The principles enunciated in *Sprecher* do not resolve the liability of an abutting owner, who does not own or possess the street easement, for natural conditions on the parkway.

In *Jones* v. *Deeter, supra,* 152 Cal.App.3d 798, the court adopted an historical pattern of care approach and indicated that a particular abutting ·

owner could be held liable for failing to maintain the public sidewalk or parkway where abutting owners as a class rather than a city historically had performed such maintenance. We fail to see any legal foundation for that approach if it is applied to an abutting owner who has not undertaken such maintenance in the absence of a statute or ordinance. ■ Ordinarily, in the absence of a special relationship or statute giving rise to a duty to act, a person has no affirmative duty to protect another from perils he did not create. (See *Schwartz* v. *Helms Bakery Limited, supra* , 67 Cal.2d at p. 238; *Clarke* v. *Hoek* (1985) 174 Cal.App.3d 208, 215 [219 Cal.Rptr. 845]; Evid. Code, § 669.) ■ A possessor or owner of premises is under a duty to others by virtue of that possession or ownership to act reasonably to keep the premises safe and prevent persons from being injured thereby. (See *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 111-119 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; Civ. Code, § 1714.) It follows that, in the absence of a statute or ordinance, a person has no affirmative duty to keep premises not in his possession or ownership in a safe condition. Thus, where a particular abutter does not possess or own the street easement, and does not undertake maintenance of it, we see no legal basis for imposing liability for failure to properly maintain the sidewalk or planting strip in the absence of statute or ordinance.

Although the court in *Jones* v. *Deeter, supra,* 152 Cal.App.3d 798, suggests, in dictum, that a historical pattern of care could be altered by ordinance, it does not consider the language which would be necessary to establish such a legal duty toward members of the public. Lastly, the opinion incorrectly indicates that section 5600 et seq. establishes a "procedure" for "passing on" the duty of maintenance and repair of sidewalks, which it does not.

■ The language of section 5610 is almost identical to that contained in section 31 of the Improvement Act of 1911 as amended in 1935. As was the court in *Schaefer* v. *Lenahan, supra,* we are unwilling to find the duty to maintain the sidewalk established by section 5610 is owed to members of the public in the absence of clear and unambiguous legislative language, especially in view of the long- standing judicial determination that abutters ordinarily have no such duty. This conclusion is buttressed by the fact that the *Schaefer* decision has been in existence since 1944 and the Legislature had never counteracted its holding. ■ It is a rule of statutory construction that the Legislature is presumed to have been aware of long-standing judicial construction of a statute and approve it where that construction is not altered by subsequent legislation. (See *People* v. *Hallner* (1954) 43 Cal.2d 715, 719 [277 P.2d 393].)

■ The language of the San Jose ordinances is substantially similar to that contained in section 31 of the Improvement Act of 1911 as amended in

1935 and the above analysis is equally applicable to them. The city could have enacted ordinances which expressly made abutting owners liable to members of the public for failure to maintain the sidewalk or parkway, but did not.[9]

## II

*Nonsuit*

■ A motion for a judgment of nonsuit following the presentation of plaintiff's evidence should be granted where the evidence is insufficient as a matter of law to sustain a verdict for the plaintiff. (*O'Keefe* v. *South End Rowing Club* (1966) 64 Cal.2d 729, 733 [51 Cal.Rptr. 534, 414 P.2d 830, 16 A.L.R.3d 1]; see Code Civ. Proc., § 581c.) Foster moved for nonsuit on the ground that there was no evidence that he breached a legal duty owed to Williams since the duty to maintain the sidewalk and parkway under section 5610 and the San Jose ordinances was not owed to members of the public. The trial court acknowledged that there was no proof that the trees on Foster's property caused the sidewalk defect. In addition, there was no evidence that Foster or his predecessor planted the tree on the parkway in front of Foster's property. Nevertheless, the court denied the motion, finding that ". . . if there is a statute or ordinance or law placing upon the property owner the duty to maintain the sidewalk in front of his home, he now becomes the primary person responsible for its safe condition" and San Jose had enacted such ordinance.

■ This court has determined that the abutting owners' duty to maintain the sidewalk and parkway under section 5610 and the San Jose ordinances is not owed to members of the public. Therefore, since there is no evidence that Foster acted negligently with respect to his property or did

---

[9] We are willing to assume, for purposes of this appeal, that such municipal ordinances would be valid. However, as recognized in the case law, ordinarily an easement or dominant tenement owner has the duty to maintain and repair the easement and the servient tenement owner is under no duty to do so. (See *Herzog* v. *Grosso* (1953) 41 Cal.2d 219, 228 [259 P.2d 429]; *Bean* v. *Stoneman* (1894) 104 Cal. 49, 55-56 [37 P. 777]; *Durfee* v. *Garvey* (1889) 78 Cal. 546, 551 [21 P. 302].) Generally, where property is dedicated to a municipality for public street purposes, the municipality receives only an easement. (See, e.g., *Wright* v. *Austin* (1904) 143 Cal. 236, 238-239 [76 P. 1023]; *Richards* v. *County of Colusa* (1961) 195 Cal.App.2d 803, 806 [16 Cal.Rptr. 232]; see Civ. Code, §§ 831, 1112; Code Civ. Proc., § 2077, subd. 4.) By enacting Streets and Highways Code section 5610, the Legislature altered the rule regarding the duty of the dominant tenement owner to maintain or repair an easement as to sidewalk and parkway easements. We need not decide here whether the intrinsic responsibilities of easement or dominant tenement owners and servient tenement owners is a matter of statewide concern upon which charter cities may not legislate. (See Cal. Const., art. XI, § 5, subd. (a); *Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 505 [247 Cal.Rptr. 362, 754 P.2d 708].)

anything other than merely failing to maintain the sidewalk and parkway, the nonsuit should have been granted.

In view of our conclusions, we need not consider whether the San Jose ordinances conflict with the California Tort Claims Act or whether the court committed reversible instructional error.

The judgment against Foster is reversed with directions to enter a judgment of nonsuit in favor of Foster. Each party to bear its own costs.

Premo, J., and Elia, J., concurred.

A petition for a rehearing was denied December 22, 1989.