[No. B043069. Second Dist., Div. Five. Aug. 22, 1990.]

MIRIAM SELGER, Plaintiff and Respondent, v.
STEVEN BROTHERS, INC., Defendant and Appellant.

**COUNSEL**

Lord, Bissell & Brook, Rudolf H. Schroeter, Henry J. Weinblatt, David T. Hayek, Marer, Marer & Schuck, Gerald Z. Marer, Alan G. Marer and John F. Schuck for Defendant and Appellant.

Booth & Koskoff, Shaffer, Doble, Carlson, Hicks & Pocrass and Leonard Sacks for Plaintiff and Respondent.

## OPINION

ASHBY, J.—In this slip-and-fall case, defendant and appellant Steven Brothers, Inc., doing business as Steven's Nursery and Hardware, appeals from a judgment on a jury verdict in favor of plaintiff and respondent Miriam Selger. Plaintiff slipped and fell on a piece of dog excrement on the city sidewalk in front of defendant's place of business in the City of Los Angeles. This dog dropping was not on defendant's property, the dog was not defendant's, and defendant had no part in causing the dog feces to be deposited on the city's sidewalk. The sole basis for the jury's finding of negligence was that defendant's failure to clean up the dog defecation violated city ordinances requiring abutting landowners to keep the city sidewalk clean and clear of waste or refuse, and such violation constituted negligence per se.

We reverse. The trial court erred in instructing on negligence per se, because the ordinances did not, in the circumstances of this case, create a duty of care owing from defendant to plaintiff; defendant's duty was owed only to the city.

### FACTS

Defendant operates a nursery and hardware business on Riverside Drive within the city limits of Los Angeles. The sidewalk in front of defendant's store, from the fence on defendant's property line to the curb, is 13 feet wide and is owned by the City of Los Angeles. Defendant's employees customarily hosed or swept the sidewalk at closing time or opening time. It was common to find dog feces on the sidewalk in the morning. On the date of plaintiff's accident, defendant's department manager observed dog feces on the sidewalk when he opened for business at 9 a.m. Because several customers entered the store immediately, the manager was delayed in telling a subordinate employee to clean up the fecal matter. Just as the manager was instructing his employee, he heard plaintiff scream. Although defendant's manager estimated the accident occurred five to seven minutes after opening the store, plaintiff's evidence showed the time was around 9:30.

Defendant customarily displayed flowers and shrubs on a portion of the sidewalk immediately in front of its fence.[1] A display was out when plaintiff walked by on the sidewalk, and plaintiff was looking toward it. Plaintiff's right leg flew out from under her and she fell. Her shoe, her clothing, and a skid mark on the sidewalk left no doubt she slipped on the dog dropping.

---

[1] When flats of flowers were delivered they were also temporarily placed on this portion until they could be taken inside the store.

Plaintiff, who was 70 years old and had a previous hip implant, was badly injured and required extensive additional hip implant surgery.

Los Angeles Municipal Code section 41.46 provides: "No person shall fail, refuse or neglect to keep the sidewalk in front of his house, place of business or premises in a clean and wholesome condition."

Los Angeles Municipal Code section 56.08, subdivision (c) provides: "No person having charge or control of any lot or premises shall allow any soil, rubbish, trash, garden refuse, tree trimmings, ashes, tin cans or other waste or refuse to remain upon any sidewalk, parkway, or in or upon any street abutting on or adjacent to such lot or premises, or which will interfere with or obstruct the free passage of pedestrians or vehicles along any such street, sidewalk or parkway."

The trial court ruled that although there was no other basis for negligence, defendant's violation of either or both ordinances would constitute negligence per se. The court instructed the jury under BAJI No. 3.45 (1988 rev.) that if defendant violated the ordinances such violation was negligence, unless defendant proved by a preponderance of evidence that defendant did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances, who desired to comply with the law. The jury found against defendant on these issues by special verdict. The jury found total damages of $473,000, and rendered verdict for plaintiff for $402,050 based on 15 percent comparative negligence of plaintiff.

## DISCUSSION

### Effect of Ordinances

Defendant did no affirmative act to create the hazard of dog feces on the city sidewalk. This was not defendant's rubbish, nor was it soil or plant material from the conduct of defendant's business. The judgment nevertheless imposes liability on the ground that city ordinances required defendant, as the abutting landowner, to clean the city sidewalk. Applying well-established authority, we hold the ordinances imposed a duty on defendant which was owed only to the city. The ordinances did not create a standard of care owed to the traveling public; therefore the trial court erred in instructing the jury that violation of the ordinances constituted negligence per se.

Under common law the owner or occupant of land abutting a public sidewalk had no duty to keep the sidewalk in a safe condition and was not liable to travelers injured as a result of defects in the sidewalk which were

not created by the owner or occupant. Moreover, because the municipality has the primary responsibility for maintaining the public sidewalks, statutes and ordinances which require the abutting landowner to maintain the sidewalk in a condition that will not endanger pedestrians have almost uniformly been interpreted *not* to create a standard of care toward pedestrians but only a liability of the owner to the municipality. (*Schaefer* v. *Lenahan* (1944) 63 Cal.App.2d 324, 326-332 [146 P.2d 929]; *Williams* v. *Foster* (1989) 216 Cal.App.3d 510, 515-522 [265 Cal.Rptr. 15]; Sts. & Hy. Code, § 5610; Annot. (1963) 88 A.L.R.2d 331, 354.)

Restatement Second Torts, section 288 provides, "The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively [¶] . . . (c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public . . . ." Illustration 5 of the comment on clause (c), states, "A municipal ordinance provides that abutting property owners must repair defects in sidewalks and remove snow and ice from them, and that if they fail to do so they shall be liable to the city for the cost of the repairs or removal. The ordinance is construed to have no other purpose than to impose responsibility to the city. A, an abutting owner, fails to remove ice from the sidewalk. B slips on the ice and is injured. The ordinance does not provide a standard of conduct for the benefit of B."

The Restatement rule is consistent with California Evidence Code section 669 on which plaintiff relies. Subdivision (a) of section 669 provides: "The failure of a person to exercise due care is presumed if: [¶] (1) He violated a statute, ordinance, or regulation of a public entity; [¶] (2) The violation proximately caused death or injury to person or property; [¶] (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and [¶] (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." The presumption of negligence does not arise unless, under clause (4), the person suffering injury was one of the class of persons for whose protection the ordinance was adopted. (*Mark* v. *Pacific Gas & Electric Co.* (1972) 7 Cal.3d 170, 182-183 [101 Cal.Rptr. 908, 496 P.2d 1276]; *Capolungo* v. *Bondi* (1986) 179 Cal.App.3d 346, 350, 354 [224 Cal.Rptr. 326].)

An ordinance requiring the abutting landowner to maintain the sidewalk would be construed to create a duty of care to third persons only if the ordinance clearly and unambiguously so provided. (*Schaefer* v. *Lenahan, supra,* 63 Cal.App.2d at p. 332; *Williams* v. *Foster, supra,* 216 Cal.App.3d at

pp. 521-522 and fn. 9.) The ordinances in this case do not clearly so provide. Under Los Angeles Municipal Code section 11.00, subdivision (m), violations of the code are punishable as a misdemeanor or an infraction, and conditions which constitute a public nuisance may be summarily abated as such by the city. In addition, California Streets and Highways Code sections 5600 through 5630 provide a procedure for giving notice to abutting landowners requiring the owner to repair the sidewalk or be liable for the cost of repairs made by the city. The provisions of the Streets and Highways Code were construed in *Schaefer* v. *Lenahan, supra*, and *Williams* v. *Foster, supra*, to create a duty only to the city, not to the traveling public. Thus, although the ordinances here imposed a duty on defendant to keep the sidewalk in a clean and wholesome condition, that duty was owed to the city, enforceable through criminal punishment, nuisance abatement or the assessment procedures under the Streets and Highways Code. The ordinances did not expressly or unambiguously create a standard of care for liability in civil damages to pedestrians injured by a condition of the sidewalk not caused by defendant.

■ Plaintiff contends that the ordinances here should be construed to impose a duty of care because they involve "transitory" slippery substances on the sidewalk rather than structural defects in the sidewalk. There is no merit to this contention. At common law an abutting owner had no duty to the public to clean up a slippery condition on the sidewalk caused by unrelated third parties. (*Bolles* v. *Hilton & Paley, Inc.* (1931) 119 Cal.App. 126, 127-128 [6 P.2d 335] [plaintiff slipped on wet paper and rubbish on sidewalk in front of defendant's store; defendant not liable, because wet condition was caused by water from someone else's building].) The ordinances here did not change the common law rule. (39 Am.Jur.2d, Highways, Streets, and Bridges, § 467, pp. 867-868; *Spector* v. *Puglisi* (1957) 9 Misc.2d 250 [172 N.Y.S.2d 524] [strawberries deposited on sidewalk by someone other than abutting owner; duty to clean sidewalk enforceable only by city]; *Riseman* v. *Hayden Bros.* (1910) 86 Neb. 610 [126 N.W. 288] [tomato on sidewalk; defendant not liable in absence of proof connecting defendant to violation of ordinance].) The city's primary responsibility for maintaining the sidewalk includes clearing the sidewalk of slippery substances. (*Kotronakis* v. *City & County of San Francisco* (1961) 192 Cal.App.2d 624, 629-630 [13 Cal.Rptr. 709]; Annot. (1951) 16 A.L.R.2d 1290 [municipal liability for slippery muddy sidewalk]; Annot. (1955) 39 A.L.R.2d 782 [municipal liability for snow and ice on sidewalk]; Annot. (1962) 82 A.L.R.2d 998 [ordinances requiring owners to keep sidewalks free from snow and ice do not impose duty toward pedestrians].) In *Schaefer* v. *Lenahan, supra*, 63 Cal.App.2d at pp. 328-330, the court discussed many cases involving requirements of cleaning and clearing, not merely repairing.

Plaintiff contends that as a practical matter the city would not likely be held liable for "transitory" slippery conditions, because liability depends on the city's actual or constructive notice. (*Kotronakis* v. *City & County of San Francisco, supra*, 192 Cal.App.2d at p. 630 [vomit on sidewalk; city lacked notice; "We think that it would be carrying the doctrine of constructive notice too far to attribute to the city notice of the presence of the vomit on which plaintiff slipped. As a practical matter, if we were to do so, the city would have to have inspectors circulating throughout the area, day and night, . . . to discover and remove such material from the sidewalks."].) The underlying primary responsibility is still the city's, however. The difficulty of proof against the city does not justify imposing liability on defendant in the absence of defendant's duty toward plaintiff. Nothing in the language of these ordinances clearly or unambiguously creates a standard of care imposing civil liability on an abutting owner for injuries to pedestrians from slippery substances not created by the owner. (See *Williams* v. *Foster, supra*, 216 Cal.App.3d at pp. 521-522 and fn. 9.)

We emphasize that here defendant did not affirmatively create the hazard on which plaintiff slipped.[2] We need not consider the effect of the ordinances if plaintiff had slipped on waste or refuse of defendant's business. An abutting owner has always had a duty to refrain from doing an affirmative act which would render the sidewalk dangerous to the public. (*Barton* v. *Capitol Market* (1943) 57 Cal.App.2d 516, 518 [134 P.2d 847]; *Winston* v. *Hansell* (1958) 160 Cal.App.2d 570, 576 [325 P.2d 569, 88 A.L.R.2d 326].) Unlike the cases relied upon by plaintiff, the waste matter here was not deposited by defendant or by the conduct of defendant's business. (Cf. *McKune* v. *Santa Clara V. M. & L. Co.* (1895) 110 Cal. 480, 484, 485 [42 P. 980] [defendant lumber company piled lumber in the street in violation of ordinance]; *Western States etc. Co.* v. *Bayside L. Co.* (1920) 182 Cal. 140, 143, 144 [187 P. 735] [same]; *Fernandez* v. *Consolidated Fisheries, Inc.* (1953) 117 Cal.App.2d 254, 259 [255 P.2d 863] [defendant's truck dropped

---

[2] The dog's owner is primarily to blame for the creation of this hazard. Although we express no opinion on the dog owner's legal liability or the effect of the following ordinances, we do note that Los Angeles has a "pooper scooper" law. (See *Schnapp* v. *Lefkowitz* (1979) 101 Misc.2d 1075 [422 N.Y.S.2d 798]; *Town of Nutley* v. *Forney* (1971) 116 N.J. Super. 567 [283 A.2d 142].) Los Angeles Municipal Code section 53.49 provides: "It shall be unlawful for the owner or person having custody of any dog to fail to immediately remove and dispose of in a sanitary manner, by replacing in a closed or sealed container and depositing in a trash receptacle, any feces deposited by such dog upon public or private property, without the consent of the public or private owner or person in lawful possession of the property, other than property owned or controlled by the owner or person having custody of such dog. The provisions of this subsection shall not apply to a blind person being accompanied by a guide dog. Notwithstanding any other provision of this Code, every violation of any of the provisions of this section shall be an infraction, punishable by a fine of $20.00."

Los Angeles Municipal Code section 53.06 also prohibits animal owners to allow their animal to stray. (See Annot. (1980) 1 A.L.R.4th 994.)

box of rubbish into the street, in violation of ordinance]; *Laurenzi* v. *Vranizan* (1945) 25 Cal.2d 806, 809 [155 P.2d 633] [plaintiff slipped on vegetable matter from defendant's vegetable business]; *Kopfinger* v. *Grand Central Pub. Market* (1964) 60 Cal.2d 852, 857 [37 Cal.Rptr. 65, 389 P.2d 529] [plaintiff slipped on waste meat from defendant's meat business]; *Lee* v. *Ashizawa* (1964) 60 Cal.2d 862, 865 [37 Cal.Rptr. 71, 389 P.2d 535] [plaintiff slipped on oil and grease deposited by defendant's trucks]; *Barton* v. *Capitol Market, supra*, 57 Cal.App.2d at pp. 519-520 [defendant sprayed its building with oily substance which ran onto the sidewalk, causing plaintiff to slip].

### Other Issues

The judgment must be reversed because the court erroneously instructed the jury that violation of the ordinances constituted negligence per se. The trial court refused to instruct the jury on ordinary negligence principles, finding there was no basis in the evidence for general negligence.

Defendant contends the latter ruling was correct, and there being no legal basis for another trial, the judgment should be reversed with directions to enter judgment for defendant.

Plaintiff contends the reversal should be general, permitting a new trial, because the evidence supports a finding of common law negligence and the trial court erred in refusing plaintiff's requested instructions under BAJI Nos. 8.50 and 8.51. Defendant suggests that plaintiff cannot even raise this argument because plaintiff did not file a cross-appeal from the judgment.

We conclude plaintiff can raise the issue in her capacity as respondent, but the trial court properly refused plaintiff's requested BAJI Nos. 8.50 and 8.51. There being no basis for liability or another trial of the facts, we direct a judgment for defendant.

### Cross-appeal Unnecessary

■ Defendant erroneously contends that it was necessary for plaintiff to file a cross-appeal from the judgment in order for plaintiff to contend the trial court erroneously refused plaintiff's requested instructions on certain other theories of negligence. Such interlocutory rulings were not appealable orders, so plaintiff could not have filed an appeal from them. The trial court made no postjudgment appealable order adverse to plaintiff, such as an order vacating the judgment or granting defendant a new trial. The *judgment* was in plaintiff's favor. Plaintiff does not complain about the judgment. Plaintiff does not seek additional damages. (Cf. *Richards* v. *Flower*

(1961) 193 Cal.App.2d 233, 238 [14 Cal.Rptr. 228]; *Johnston v. Department of Personnel Administration* (1987) 191 Cal.App.3d 1218, 1227 and fn. 6 [236 Cal.Rptr. 853].) This is not a case of a party seeking to overthrow a judgment without appealing from it. (Cf. *California State Employees' Assn. v. State Personnel Bd.* (1986) 178 Cal.App.3d 372, 382, fn. 7 [223 Cal.Rptr. 826].)

It is defendant who seeks to reverse the judgment. Plaintiff merely responds to defendant's appeal by arguing that if the judgment from which defendant appealed must be reversed because of erroneous instructions on the ordinances, the reversal should be general, placing the cause at large for a new trial, rather than with directions to enter judgment for defendant, as contended by defendant. This is permissible argument for a nonappealing respondent under Code of Civil Procedure section 906 which provides in part, "The respondent, or party in whose favor the judgment was given, may, without appealing from such judgment, request the reviewing court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment from which the appeal is taken." Although ordinarily a respondent invokes section 906 in order that a judgment may be affirmed notwithstanding the errors complained of by the appellant (*Central Manufacturing District, Inc. v. Board of Supervisors* (1960) 176 Cal.App.2d 850, 857 [1 Cal.Rptr. 733]), the statute refers more broadly to the prejudice suffered by the appellant. Here plaintiff appropriately argues that when defendant claims to be entitled to a directed judgment, not merely a new trial, defendant overstates the prejudice suffered from the erroneous instructions on negligence per se.

We therefore review plaintiff's contentions the trial court should have given plaintiff's requested instructions. On the merits, however, we conclude plaintiff's instructions were properly refused.

### BAJI Nos. 8.50 and 8.51

■ BAJI No. 8.50 states the special rule that if an abutting landowner "has altered the sidewalk for the benefit of his property apart from the ordinary use for which the sidewalk was designed, he does have a duty to use ordinary care in making such alteration and in keeping the altered portion of the sidewalk in a reasonably safe condition." (BAJI No. 8.50; *Sexton v. Brooks* (1952) 39 Cal.2d 153, 157 [245 P.2d 496]; *Peters v. City & County of San Francisco* (1953) 41 Cal.2d 419, 423 [260 P.2d 55]; *City & County of S. F. v. Ho Sing* (1958) 51 Cal.2d 127, 129 [330 P.2d 802]; *Kopfinger v. Grand Central Pub. Market, supra,* 60 Cal.2d 852, 858-859; *Ross v. Kirby* (1967) 251 Cal.App.2d 267, 269-271 [59 Cal.Rptr. 601].)

Plaintiff relies on the evidence that defendant regularly displayed plants and flowers on a portion of the sidewalk in front of its store. Plaintiff testified she was looking toward these displays when she slipped on the dog excrement.

Even assuming, however, that a portion of the sidewalk was occupied by defendant's display, the evidence shows there was ample additional room on the wide sidewalk for unobstructed passage. The rule cited by plaintiff requires the owner to keep the *altered* portion in reasonably safe condition or be liable for injuries *resulting* therefrom. Plaintiff did not trip on defendant's floral displays, she slipped on the dog dropping, a hazard which defendant did not create. (Cf. *Sexton* v. *Brooks, supra,* 39 Cal.2d at pp. 155, 158 [plaintiff caught heel on ridge and sharp drop-off leading to defendant's store]; *Peters* v. *City & County of San Francisco, supra,* 41 Cal.2d at pp. 422, 423 [plaintiff stepped in depression in ramp leading down to defendant's garage door]; *City & County of S. F.* v. *Ho Sing, supra,* 51 Cal.2d at pp. 128, 129 [plaintiff tripped on crack in skylight which defendant's predecessor had constructed in sidewalk over the basement of defendant's building]; *Ross* v. *Kirby, supra,* 251 Cal.App.2d at pp. 270-271 [plaintiff tripped on berm which defendant used for defendant's special benefit not only for drainage but for encouraging the public to enter defendant's restaurant by the back door adjacent to parking lot].)

Plaintiff similarly misplaces reliance on *Kopfinger* v. *Grand Central Pub. Market, supra,* 60 Cal.2d at page 859 and BAJI No. 8.51 which states, "[w]hen the activities of a business are conducted in such a manner as to create a hazard on an abutting sidewalk and the operator of the business knows or has reason to know of such fact, he is under a duty to use reasonable care to remove the hazard within a reasonable time, and his failure to do so is negligence." In *Kopfinger* the sidewalk was used for deliveries to the defendant's meat market, and the plaintiff slipped on meat, a product of the defendant's. The *Kopfinger* court stated, "[t]his is not a case of a landowner being held responsible for something with which his only connection is the fact of his ownership or use of the abutting land. We are here concerned with a hazard which resulted from activities carried on in the course of defendants' commercial enterprise." (60 Cal.2d at p. 858.) Here plaintiff did not trip on the displays or delivered materials. She slipped on material which was placed on the sidewalk by another party completely unrelated to the conduct of defendant's business.

Finally, plaintiff misplaces reliance upon *Tuttle* v. *Crawford* (1936) 8 Cal.2d 126, 130 [63 P.2d 1128] which states that in keeping safe the floors of their premises storekeepers must take into account that shoppers may be distracted by attractive displays of wares. The injury in *Tuttle* occurred

inside the store and the court was discussing the care of the owner's premises. Here the injury occurred on the city's sidewalk. Plaintiff contends that a business's "premises" may occasionally extend beyond the owner's property, citing *Schwartz* v. *Helms Bakery Limited* (1967) 67 Cal.2d 232 [60 Cal.Rptr. 510, 430 P.2d 68], but this analogy to a street vendor case is not persuasive. In *Schwartz* a small child darted into the street in order to purchase a donut from the defendant's bakery truck after being directed by the bakery driver to a meeting place in the street. The crucial element was control of the extended premises. (*Id.* at p. 239.) In the instant case, plaintiff was not detoured into the street or a hazardous area, because the evidence showed that despite defendant's floral displays there was ample room on the wide sidewalk for normal pedestrian passage. In these particular circumstances, the distraction from defendant's display was no more significant than the flowers inside defendant's premises visible through the open fence, or a department store's attractive window display. The trial court did not err in concluding there was insufficient evidence to justify BAJI No. 8.51.

The judgment is reversed with directions to enter judgment for defendant. Costs on appeal are awarded to defendant.

Lucas, P. J., and Turner, J., concurred.