**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNI CAMPBELL, | No.    17-55100 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02359-GPC-RBB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted June 6, 2018**
Pasadena, California

Before:  WARDLAW and CHRISTEN, Circuit Judges, and MOLLOY,*** District
Judge.

Conni Campbell appeals the district court's entry of judgment for the

government, after a bench trial, in her action under the Federal Tort Claims Act.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.      The district court correctly concluded that Campbell's California tort claim fails under the "special benefit" theory of abutting-owner liability, which provides that "an abutting landowner who has altered an adjacent sidewalk for the benefit of his property apart from its ordinary use for which it was designed, has a duty to employ ordinary care in making such alteration and in maintaining that portion of the sidewalk in reasonably safe condition." *Seaber v. Hotel Del Coronado*, 1 Cal. App. 4th 481, 488 (1991). While a continuing benefit justifies deviating from the normal rule that "a landowner is under no duty to maintain in a safe condition a public street or sidewalk abutting upon his property," *id.* at 487, once the benefit ceases, so does the justification for imposing liability, c*f. Alcaraz v. Vece*, 14 Cal. 4th 1149, 1173 (1997) (Mosk, J., concurring) ("Liability is imposed because emplacements of this type are appurtenances for the benefit of the possessor and controller of adjoining land.").

Moreover, since the abutting owner's duty to maintain the alteration under this theory runs with the land, *see City & Cty. of S.F. v. Ho Sing*, 51 Cal. 2d 127, 129–30 (1958), extending that duty past the termination of the special benefit would saddle successor owners with hidden liabilities, without a corresponding benefit that would put them on notice of their duty to maintain. We do not believe the California Supreme Court would endorse such an extension. *See, e.g., Hewitt*

2

*v. Joyner*, 940 F.2d 1561, 1565 (9th Cir. 1991) ("When the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises.").[1]

2.      However, the district court's findings of fact require a conclusion that the government is liable under a second theory: "[A]n abutting landowner has always had an obligation to refrain from affirmative conduct which results in a dangerous condition upon public streets or sidewalks." *Seaber*, 1 Cal. App. 4th at 488.[2] Here, the district court found by a preponderance of the evidence that "the government built the current fence and tore down the previous one as indicated by the remaining metal stubs lining the current fence line." That is, the government engaged in "affirmative conduct" (demolishing the old fence) that "result[ed] in a dangerous condition upon public streets or sidewalks" (the jagged stubs that were

---

[1] We also reject Campbell's argument that she raised a triable issue of fact as to whether the government exerted control over the strip of land in question, and that the district court therefore erred by deciding this question at summary judgment. Even assuming the government weeded the dirt path, "simple maintenance of an adjoining strip of land owned by another does not constitute an exercise of control over that property." *Contreras v. Anderson*, 59 Cal. App. 4th 188, 198 (1997). Campbell's arguments to the contrary are not persuasive.

[2] The district court did not address this theory, asserting that Campbell did not raise it. But Campbell raised it in her trial brief, through quotations from *Barton v. Capitol Mkt.*, 57 Cal. App. 2d 516 (1943) and *Selger v. Steven Bros.*, 222 Cal. App. 3d 1585 (1990). And although Campbell does not unambiguously press this theory on appeal, the government has addressed it at some length. We therefore exercise our discretion to reach it. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

left behind).  *Id.*

The "affirmative conduct" theory is not limited to the temporary spillage of easily removed materials.  *See, e.g.*, *Barton v. Capitol Mkt.*, 57 Cal. App. 2d 516, 518 (1943) ("[T]he owner of premises abutting a sidewalk is under a duty to refrain from doing *any affirmative act* that would render the sidewalk dangerous for public travel.") (emphasis added).  Nor does case law support a temporal requirement.

Here, the district court's findings of fact show that the government left the fencepost stubs in a dangerous condition.  That finding is supported by the testimony of the Navy's own construction officials, who stated that the way to demolish the old fence safely would have been to pull the posts out of the soil completely or grind them down flush to the ground.  This was not done.

We therefore reverse the district court's judgment in favor of the government, and conclude that the government is liable to Campbell for her injury.  Having determined that the government is liable to Campbell, we remand to the district court for proceedings to determine the appropriate damage award.

**REVERSED and REMANDED.**[3]

---

[3] Costs on appeal are awarded to Campbell.

4

FILED

JUL 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTEN, Circuit Judge, concurring in part:

I concur in the majority's decision that reversal is warranted because the government's affirmative conduct created a dangerous condition on the sidewalk that resulted in Campbell sustaining an injury. *See Seaber v. Hotel Del Coronado*, 1 Cal. App. 4th 481, 487 (1991).